In re Estate of Leo A. Gubala, Deceased.

Thaddeus Rojek, Petitioner-Appellant, v. Frank Wujastyk and Stanley Wujastyk, Respondents-Appellees, and Margaret A. Wujastyk, Administrator-Appellee.

Gen. No. M–51,411.

First District, Fourth Division.

March, 31, 1967.

Whitcup and Fiala, of Chicago, for appellant.

Harold Orlinsky, of Chicago, for respondent-appellees.

Mort D. and Frank Goldberg, and Alvin L. Kaplan, of Chicago, for administrator-appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from the dismissal of a citation proceeding brought by the appellant, Thaddeus Rojek, in which he requested the court to determine that the funds of two savings and loan association accounts should be included in the estate of the decedent, Leo A. Gubala. An appeal is also taken from the order denying petitioner's objections to the final account of the administrator and further denying leave to certain heirs at law of the decedent to withdraw their consents to the final account of the administrator.[1]

---

[1] The objections to the final account were on the grounds that the funds in the two accounts were not probated in the estate, and that the administrator's and attorney's fees were excessive for failure to collect all of these assets. Leave of the heirs to withdraw their consents was requested on the ground that

The decedent died intestate on September 9, 1963, and was survived by nine nieces and nephews, who comprised his heirs at law. The citation proceeding, commenced by the appellant (one of the aforesaid heirs), was brought to determine whether the funds in two savings and loan accounts which had not been included in the inventory of the decedent's estate should have been included therein.

## A. Fairfield Account

One of the accounts was opened by the decedent in his own name at the Fairfield Savings and Loan Association on February 16, 1953. On February 27, 1960, which was shortly after the death of his wife, decedent authorized the association to change the name of the account so as to make it payable on his death to Charles Gubala, his son. However, Charles Gubala died on April 18, 1961, and on June 23 decedent authorized the association to substitute the name of Frank Wujastyk (one of decedent's nephews) for that of his deceased son. New signature cards were duly executed for each of the aforesaid changes in the account.

Appellant contends that the attempted transfer of funds in this account to Frank Wujastyk is testamentary in nature and therefore is invalid for failure to comply with the Statute of Wills; and that therefore the funds in that account should be included in the decedent's estate and be distributed as intestate property.

██ ██ The account in question, called a payment-on-death account (hereinafter referred to as a "P.O.D. account"), is authorized by the legislature in section 770(c) of the Illinois Savings and Loan Act (Ill Rev

---

at the time the consents were given one heir was in a mental institution and the other was retarded. Appellant did not raise these issues at oral argument.

Stats, 1959, c 32, § 770(c)). That statute provides in pertinent part as follows:

> (c) If a person opening or holding a withdrawable capital account shall execute a written agreement with the association providing that on the death of the person named as holder, the account shall be paid to or held by another person or persons, the account, and any balance thereof which exists from time to time, shall be held as a payment on death account and unless otherwise agreed between the persons opening the account and the association:
>
>> (1) *Upon the death of the holder of the account, the person or persons designated by him and who have survived him shall be the owners of the account* (as joint owners with right of survivorship if more than one) and any payment made by the association to any of such persons shall be a complete discharge of the association's obligation as to the amount paid (emphasis supplied).[2]

The disposition of funds in a "P.O.D. account" is clearly testamentary, not inter vivos, in nature. In order for there to be an inter vivos gift the donor must have donative intent, he must part with exclusive dominion and control over the subject matter and there must be a delivery. Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850. The beneficiary of a "P.O.D. account" cannot with-

---

[2] It is urged that this section does no more than protect the savings and loan association. A similar contention was rejected in the case of Frey v. Wubbena, 26 Ill2d 62, 67, 185 NE2d 850. Moreover, to accept that contention would be to render meaningless the underscored words in section 770(c)(1). The section not only protects the association but also defines the rights of the survivor(s) of the account owner.

draw any of the money prior to the owner's death and has no legal redress to protect himself against a wasteful dissipation of the funds by the owner. In effect, his interest comes into being only at the owner's death. The owner of a "P.O.D. account" therefore does not, during his lifetime, part with exclusive dominion and control over the funds therein.

However, while the disposition of funds in a "P.O.D. account" is testamentary in nature and without question is not in compliance with the Statute of Wills, the aforesaid disposition nevertheless is valid since the Illinois Savings and Loan Act was intended to supplant the Statute of Wills in this respect. Section 770(c) of the Act, under which a "P.O.D. account" is authorized, is irreconcilably inconsistent with and repugnant to the Statute of Wills and refers to a specific type of testamentary disposition. Moreover, it was enacted subsequent to the Statute of Wills, which refers to testamentary dispositions in general. A familiar rule of statutory construction is that where there are two statutory provisions, one of which is general and designed to apply to cases generally and the other of which is particular and relates only to one subject, the particular provisions must prevail and must be treated as an exception to the general provision (Board of Education v. City of West Chicago, 55 Ill App2d 401, 404, 205 NE2d 63; People v. Canada, 81 Ill App2d 220, 225 NE2d 639. Moreover, while repeal by implication is not favored, where two statutes are irreconcilably repugnant the latter abrogates the former to the extent that they are inconsistent and irreconcilable, since it cannot be supposed that the General Assembly intends to enact and enforce laws which are contradictions. People v. Maslowsky, 34 Ill2d 456, 468, 216 NE2d 669. Applying these common rules of statutory construction, we find that it was the intention of the legislature to validate the

383

specific testamentary disposition of funds in a "P.O.D. account" even though the form of such disposition is not in accordance with the requirements for testamentary dispositions in general as set forth in the Statute of Wills.

■ Appellant is also erroneous in his contention that section 770(c) of the Act is contrary to the alleged purpose of the Joint Rights and Obligations Act (Ill Rev Stats 1961, c 76), i. e., to eliminate all rights of survivorship in Illinois.[3] We would point out, first, that certain survivorship rights are specifically authorized in Section 2(d) of the Joint Rights Act and therefore it was not the intention of the legislature to abolish all rights of survivorship; and, second, the preamble in Section 2 of the Joint Rights Act allows the creation by a writing of survivorship rights, and the beneficiary's survivorship interest in a "P.O.D. account" is created by the written account agreement.

■ Appellant contends in addition that this account was not established in strict accordance with section 770(c) of the Savings and Loan Act and is therefore not a valid "P.O.D. account." In support thereof he asserts that the account agreement provides that in case of multiple beneficiaries, upon the death of the holder of the account they shall own the account as "tenants in common"; and that the statute provides that the multiple beneficiaries shall take "as joint owners with right of survivorship." We find appellant's contention to be without merit. That portion of the statute relied upon relates only to the legal effect of a validly created "P.O.D. account" and in no manner affects the validity of the account itself.

---

[3] Actually, the Joint Rights and Obligations Act has no bearing on a "P.O.D. account." Since the interest of the beneficiary in a "P.O.D. account" comes into being only at the death of the owner no "joint right" is created.

**B. Capitol Account**

 The other account was opened by the decedent on May 8, 1961, (shortly after the death of his son) at the Capitol Federal Savings and Loan Association. The account agreement was in the name of Leo Gubala and Stanley J. Wujastyk (another nephew) "as joint tenants with right of survivorship and not as tenants in common . . . ",[4] and was in strict compliance with section 2(c) of the Joint Rights and Obligations Act (Ill Rev Stats 1961, c 76, § 2(c)), which was the applicable law at that time. The fact that the passbook was in the names of "GUBALA, Leo & WUJASTYK, Stanley," there being no reference to the form of ownership, is irrelevant in ascertaining whether there has been compliance with section 2(c) since it is the account agreement, duly executed by Gubala, Wujastyk and Capitol, which creates the account and determines the rights of the parties.

 An instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement. Murgic v. Granite City Trust & Savings Bank, 31 Ill2d 587, 202 NE2d 470. The fact that Leo Gubala made all of the withdrawals and deposits and retained control of the passbook is not controlling. Frey v. Wubbena, supra; In re Estate of Liberio, 43 Ill App2d 261, 193 NE2d 482. The evidence adduced by the petitioner in the instant case is insufficient to overcome the presumption of donative intent on the part of Leo Gubala in favor of Stanley Wujastyk.

---

[4] The name of the account shown on the passbook was "GUBALA, Leo & WUJASTYK, Stanley."

**Holding on Appeal**

We find that Frank Wujastyk, being the beneficiary of the "P.O.D. account" at Fairfield Federal Savings and Loan Association, is entitled to the funds remaining in that account at the death of Leo Gubala; and that Stanley Wujastyk, being the surviving joint tenant in the account at Capitol Federal Savings and Loan Association, is entitled to the funds remaining in that account at the death of Leo Gubala. In light of our holding as aforesaid, we also find that the order of court denying petitioner-appellant's objections to the final account (which objections were based upon the allegation that the funds were improperly excluded from the estate) was proper. The court also properly denied leave to the heirs to withdraw their consents to the final account of the administrator (which was informally raised at the hearing) as not being germane to the citation petition. Therefore the orders of the trial court, from which this appeal is taken, are affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.