Estate of Florence Schwendeman, Deceased, Grace L. Barbier, Administrator, Plaintiff-Appellant, v. State Savings and Loan Association and Elmer Hercules, Defendants-Appellees.

### Gen. No. 68–119.

Fifth District.

September 3, 1969.

Raymond J. Nester, of Belleville, for appellant.

Dixon & McDonnell, of Belleville (Joseph B. McDonnell, of counsel), for Elmer Hercules, defendant-appellee.

GOLDENHERSH, P. J.

Petitioner, Grace L. Barbier, administrator DBN WWA of the Estate of Florence Schwendeman, deceased, appeals from the judgment of the Circuit Court of St. Clair County dismissing her petition for citation, and adjudging respondent, Elmer Hercules, to be the lawful owner of certain funds on deposit with respondent, State Savings and Loan Association.

The evidence shows that on March 12, 1962, the decedent, Florence Schwendeman, deposited funds with State Savings and Loan Association in account No. E331. She signed a card headed on one side "Individual Savings Account" and on the reverse side "Payable on Death Account." The card describes her as "Owner" and contains the following provision:

> "Upon the death of the owner as named on the reverse side hereof, the person(s) named in paragraph 2 hereof, or in a subsequent written direction accepted as specified in paragraph 3 hereof, shall be be the absolute owner(s) of this account. If more than one of them shall be living, they shall own this account as joint tenants with right of survivorship and the signature of each of them shall be necessary to the validity of any withdrawal application, receipt, proxy, or other instrument requiring member signature in connection with this account."

It designated three of her brothers as owners of the account upon her death, of whom only respondent survived her.

The parties stipulated that with the exception of one withdrawal by decedent no change was made in the account from its inception to the time of decedent's death.

The last will and testament of the decedent executed on March 21, 1963, and admitted to probate on March 23, 1966, contains the following provision:

"I give and bequeath to my three brothers, Leo J. Hercules, Albert E. Hercules and Elmer F. Hercules, all the money I have on deposits in both the State Savings & Loan Association, East St. Louis, Illinois, and the First Federal Loan Association, East St. Louis, Illinois; my said brothers to share and share alike provided further, that if a brother of mine predeceases me then and in that event the said deceased brother's share I give and bequeath to his wife and children that survive him in equal shares."

Petitioner contends that the trial court erred in its ruling and argues that (a) the signature card executed upon creation of the account shows decedent to be the owner thereof and she remained sole owner until her death (b) as sole owner she had the power to make a testamentary disposition of the funds, and the agreement creating the account in no way limited her right so to do; (c) her will, having been executed subsequent to the opening of the account, prevails over the "payable on death" provision of the deposit agreement which purports to make testamentary disposition of the funds.

Although the factual situation here differs in that the decedent executed a will subsequent to creating the account, the following statement from In re Estate of Gubala, 81 Ill App2d 378, 383, 225 NE2d 646, is applicable here:

"However, while the disposition of funds in a 'P.O.D. account' is testamentary in nature and without question is not in compliance with the Statute of Wills, the aforesaid disposition nevertheless is valid since the Illinois Savings and Loan Act was intended to supplant the Statute of Wills in this respect. Sec-

275

tion 770(c) of the Act, under which a 'P.O.D. account' is authorized, is irreconcilably inconsistent with and repugnant to the Statute of Wills and refers to a specific type of testamentary disposition. Moreover, it was enacted subsequent to the Statute of Wills, which refers to testamentary dispositions in general. A familiar rule of statutory construction is that where there are two statutory provisions, one of which is general and designed to apply to cases generally and the other of which is particular and relates only to one subject, the particular provisions must prevail and must be treated as an exception to the general provision (Board of Education v. City of West Chicago, 55 Ill App2d 401, 404, 205 NE2d 63; People v. Canada, 81 Ill App2d 220, 225 NE2d 639. Moreover, while repeal by implication is not favored, where two statutes are irreconcilably repugnant the latter abrogates the former to the extent that they are inconsistent and irreconcilable, since it cannot be supposed that the General Assembly intends to enact and enforce laws which are contradictions. People v. Maslowsky, 34 Ill2d 456, 468, 216 NE2d 669. Applying these common rules of statutory construction, we find that it was the intention of the legislature to validate the specific testamentary disposition of funds in a 'P.O.D. account' even though the form of such disposition is not in accordance with the requirements for testamentary dispositions in general as set forth in the Statute of Wills."

■ The Probate Act (c 3, § 46, Ill Rev Stats 1967) governs generally the revocation of wills, but the Illinois Savings and Loan Act (c 32, § 770(c), Ill Rev Stats 1967) contains its own specific provision for designation of changes in P.O.D. accounts, (§ 770(c)(2)). Applying the

276

rationale of Gubala, the specific testamentary disposition made in accordance with section 770 (c) prevails over the provision of the decedent's will.

The judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.