Esther Sophie Johnson, Executor of the Estate of Simon Johnson, Deceased, Plaintiff-Appellant, v. Allan Garellick, Administrator of the Estate of Nils Johansson, and Bell Savings and Loan Association, Defendants-Appellees.

Gen. No. 52,350.

First District, Fourth Division.

December 17, 1969.

John E. Porter and Lester A. Bonaguro, of Evanston, for appellant.

J. Edgar Daniels, Seibert and Daniels, of Chicago, and Cummings and Wyman, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff, as Executor under the will of her deceased husband, appeals from an order denying a citation petition to recover assets which she alleged should not pass pursuant to the terms of a payment-on-death account, but should be deemed a part of the estate passing under the will.

Simon Johnson, decedent, had married plaintiff in September, 1957. She had two living sons by her first marriage. In November, 1957, decedent executed a will in which he bequeathed his entire estate to plaintiff, providing that if she predeceased him, the estate was to go to the two sons. At the time of his marriage to plaintiff, decedent had savings of approximately $23,500 in an account at the Lakeview Trust and Savings Bank. Plaintiff had about $1,500 in a savings account at the same bank. After the marriage, the Lakeview accounts were consolidated and a husband and wife joint tenancy account was created. Decedent also had an account at the Continental Illinois National Bank in an amount not specified, which plaintiff described as "his own money."

In July, 1958, decedent opened the account in question at Bell Savings and Loan Association (Bell) by transferring $8,000 from his account in the Continental and $2,000 from the joint account at Lakeview. This account, called a payment-on-death (hereinafter "P.O.D.") account, provided that upon decedent's death, "the then withdrawal value of the account shall be the property of and belong solely to Nils Johansson (brother) provided that such party survives the undersigned." The passbook stated, "Simon F. Johnson P.O.D. to Nils Johansson."

Plaintiff testified that she accompanied decedent downtown on the day he created the "P.O.D." account at Bell. He had told her beforehand that he could get more interest at Bell. She went shopping while he opened the

account, and said that they had no conversation regarding the account at that time. Decedent did not inform plaintiff that he had put his brother's name on the account, plaintiff first learning of this in December, 1964, when she saw the name on the passbook in the safe deposit box.

She testified that, in January, 1965, she asked decedent about the account, saying, "You got your brother's name on the book," and he replied, "That doesn't mean anything. You have the will. The money will be yours." Plaintiff had subsequently asked him about the bank account three or four times to "make sure that everything was all right." He assured her that his brother wouldn't get the money, because it "wasn't meant for him."

Plaintiff's additional testimony indicated that in 1961 she and decedent had gone to Sweden to visit his brother. His last previous visit there had been in 1954. Decedent communicated with his brother at Christmas time and other holidays, writing at least half a dozen times.

Plaintiff's sole contention on appeal is that decedent did not intend to make a gift of the "P.O.D." account to his brother, that the evidence establishes that he intended all of his property, including the money in the "P.O.D." account, to pass by his will. Plaintiff does not contest the establishment or validity of the "'P.O.D." account in question; moreover, the evidence indicates that decedent was physically and mentally capable of setting up such an account.

The establishment of a "P.O.D." account is authorized in section 4–10(c) of the Illinois Savings and Loan Act (Ill Rev Stats 1957, c 32, § 770(c)), which provides in part as follows:

(c) If a person opening or holding a withdrawable capital account shall execute a written agreement with the association providing that on the

death of the person named as holder, the account shall be paid to or held by another person or persons, the account, and any balance thereof which exists from time to time, shall be held as a payment on death account and unless otherwise agreed between the persons opening the account and the association:

(1) Upon the death of the holder of the account, the person or persons designated by him and who have survived him shall be the owners of the account (as joint owners with right of survivorship if more than one) and any payment made by the association to any of such persons shall be a complete discharge of the association's obligations as to the amount paid.

That decedent complied with the provisions of the statute is evident. He entered into the agreement with Bell which expressly provided that the account should pass to his brother, Nils Johansson, if the latter survived him, which, in fact, he did.

 We note that the agreement entered into by decedent with Bell and the statute authorizing such an account are devoid of reference to any proof of donative intent, and we hold that such proof is not necessary to the establishment or implementation of a "P.O.D." account.

 As this court stated in In re Estate of Gubala, 81 Ill App2d 378, at 382–383, 225 NE2d 646:

The disposition of funds in a "P.O.D. account" is clearly testamentary, not inter vivos, in nature. In order for there to be an inter vivos gift the donor must have donative intent, he must part with exclusive dominion and control over the subject matter and there must be a delivery. Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850. The beneficiary of a "P.O.D. account" cannot withdraw any of the

83

money prior to the owner's death and has no legal redress to protect himself against a wasteful dissipation of the funds by the owner. In effect, his interest comes into being only at the owner's death. The owner of a "P.O.D. account" therefore does not, during his lifetime, part with exclusive dominion and control over the funds therein.

Beyond her point as to donative intent, however, plaintiff contends that there remains the more general question as to whether decedent understood the legal consequences attendant upon his creation of the "P.O.D." account, relying on In re Estate of Roth v. Roth, 96 Ill App2d 292, 238 NE2d 607; In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445; and In re Estate of Cronholm, 38 Ill App2d 141, 186 NE2d 534. We do not consider these cases supportive of plaintiff's proposition, but, assuming the legal validity of her position, we conclude that it is not applicable to the facts of the instant case, as outlined above. Plaintiff's contention to the contrary must therefore fall.

We affirm the order of the trial court denying plaintiff's citation petition.

Affirmed.

DRUCKER, P. J. and STAMOS, J., concur.