In re Estate of Elizabeth La Pierre, Deceased, a/k/a Elizabeth Ayers Bearden La Pierre—(Honore M. La Pierre, Admr. of the Estate of Elizabeth La Pierre, Deceased, etc., Petitioner-Appellant, *v.* Shirley Kalergis, Respondent-Appellee.)

(No. 54679; ▮▮▮▮▮▮▮▮)

First District—April 8, 1971.

Richard D. Price and Frederick J. Bertam, both of Chicago, for appellant.

Marinakis & Marinakis, of Chicago, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order entered discharging Shirley Kalergis on a petition for citation by Honore M. La Pierre, administrator of the estate of Elizabeth La Pierre, deceased, to recover property and discover information concerning funds and assets of the estate of Elizabeth La Pierre, deceased, allegedly secreted by Shirley Kalergis in the form of a certificate of deposit in the Oak Park Federal Savings and Loan Association in the amount of $10,000.

The administrator's petition alleged that Shirley Kalergis, daughter of decedent, had in her possession and concealed funds of $10,000 in a savings certificate of such Association, "which were held for convenience with the decedent as joint tenants  *  *  *".

Respondent, in her answer, asserted that petitioner was married to decedent for a period of only fifteen months; that petitioner did not provide the funds for such certificate; and that petitioner gave respondent the certificate to which she was entitled and upon which she withdrew the funds.

Petitioner, upon verified answer to a request for admission of facts, stated that decedent received checks totaling $10,000 from her mother as a present, and that he and she placed these in the certificate of deposit in his presence and he signed a card which he assumed placed the account in the name of his wife and himself as husband and wife.

The assistant secretary of the Oak Park Federal Savings and Loan Association testified, producing records of the Association consisting of a proxy card signed only by decedent, a check showing payment of the

sum of $10,000, and a later payment of interest to respondent. The signature card on the account could not be found and was not produced. However, the certificate of deposit was introduced as an exhibit. It had printed on its face that,

"ELIZABETH A. LA PIERRE P.O.D.

holds a SAVINGS ACCOUNT representing share interests of

.....................Ten Thousand.................DOLLARS in

OAK PARK FEDERAL SAVINGS AND LOAN ASSOCIATION,

"*   *   * (The underlined [italicized] portions are those portions which were filled in on the certificate form)

The certificate of deposit was dated August 27, 1968.

The name of respondent did not appear on the certificate, nor did the certificate show any joint ownership of petitioner or anyone. Further, the official of the Association testified that there were no directions as to what disposition should be made of the funds. All of the other testimony of the official of the Association was as to the customary action of the Association in requirements in dispersal of such funds. There was no direct testimony as to what requirements were followed in this particular dispersal. He stated he "would have to assume" that the signature card was presented when he dispersed the funds to respondent but he didn't know. No written agreement creating the account was produced and no testimony was introduced which would show who was designated as the person entitled to the account on the death of the creator of it.

Petitioner testified that he and decedent (his wife) decided to set up joint accounts; that they went to the National Bank of Austin where she signed a card on his checking account, savings account, and safety deposit box. He testified further that on the same day they went to the Avenue State Bank in Oak Park where she had a checking account upon which he and she signed a card; that they then went to the Oak Park Federal Savings and Loan Association where she deposited the two checks totaling $10,000 and bought the certificate of deposit in question. He stated that at the time of purchase of the certificate of deposit she was alone and that one of the officers of the Association asked him to sign a card. She gave him the certificate. He took it home where he placed it in a file and where it remained to the date of his wife's death. He said he turned it over to respondent along with other papers. He stated that he and his wife had agreed to make out their accounts in joint tenancy. He had $500 in the checking account and $500 in the savings account put in both names.

Petitioner testified he thought "P.O.D." on the certificate meant "payable on demand."

The court held that respondent was to be discharged from the citation and entitled to the proceeds of the certificate of deposit.

Appellant contends that the account represented by the certificate belonged to decedent's estate; that respondent had the burden of establishing her claim by clear and convincing evidence; and that she had failed in making such required proof.

■■ The establishment of a "P.O.D." account is authorized in section 4—10 (c) of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1969, ch. 32, par. 770 (c) ). While the disposition of funds in such a manner is clearly testamentary, not *inter vivos*, the creation of such an account is authorized by the statute even though it is not in accordance with the requirements for testamentary dispositions as set forth in the Statute of Wills. *In re Gubala's Est.* (1st Dist. 1967), 81 Ill.App.2d 378, 225 N.E.2d 646; *Schwendeman's Est. v. State Sav. & Loan Ass'n* (5th Dist. 1969), 112 Ill.App.2d 273, 251 N.E.2d 99; *Johnson v. Garellick* (1st Dist. 1969), 118 Ill.App.2d 80, 254 N.E.2d 597.

To create such a withdrawable capital account in a savings and loan association, the statute requires that the person opening or holding the account execute a written agreement with the association providing that upon the death of the holder the account shall be paid to or held by another or others. The statutory authority permitting creation of such an account provides for the holder of the account to designate the person or persons surviving him who shall be entitled to and owner of the account. It further provides that payment by the association to any of such persons completely discharges the liability of the association as to the amount paid. The holder of the account must make a written direction during his lifetime, accepted by the association, to change the person to receive such account at his death.

Paragraph 770(d) of ch. 32, Ill. Rev. Stat. 1969, provides that when none of the persons designated to hold on death survive the person to whom the account is issued, any balance thereof existing shall be held by the holder of the account in his own right unless it is otherwise agreed.

■■ The evidence in this case shows an intention of petitioner and his impression that a joint survivorship account was being created. However, no evidence was produced of the actual written agreement under which this account was created and by which its ownership was governed. Evidence of custom as to steps usually taken by the officials of the savings and loan association in making dispersal of a "P.O.D." account is of little aid in determining the steps actually taken here, nor do they fill the void of the written agreement which the statute provides must be present to create such an account. While the account certificate was issued to the creator of the account "P.O.D.", no competent evidence

shows who was designated to own the same upon the death of the creator. Under this evidence, and under the statutory provision of paragraph 770 (d), the balance in the account on the death of decedent here was payable to the holder of the account, to which right her estate succeeded. Thus, we must reverse the judgment of the circuit court.

It is asserted in the appellee's brief, and was stated at the time of oral argument, that the signature card, missing at the time of the hearing, is now available. Upon remand, if such is established, it may properly be considered by the trial court upon further proceedings.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.