*In re* ESTATE OF ELIZABETH LA PIERRE, Deceased, a/k/a ELIZABETH AYERS BEARDEN LA PIERRE—(HONORE M. LA PIERRE, Petitioner-Appellant, *v.* SHIRLEY KALERGIS, Respondent-Appellee.)

(No. 59197; ▮▮▮▮▮▮)

First District (3rd Division)—June 6, 1974.

*Rehearing denied June 27, 1974.*

Richard D. Price and Frederick J. Bertram, both of Chicago, for appellant.

Marinakis & Marinakis, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

On April 28, 1972, the circuit court of Cook County dismissed a citation petition filed by Honore M. La Pierre, administrator of the estate of Elizabeth La Pierre. On December 15, 1972, the trial court denied

petitioner's motion to vacate the order of dismissal. Petitioner originally appealed the order directly to the supreme court and on June 20, 1973, the court on its own motion transferred the cause to this court.

The citation proceedings involved a $10,000 certificate of deposit in the Oak Park Federal Savings and Loan Association. The funds were in a payable-on-death (P.O.D.) account, deposited by the decedent, payable to the respondent, Shirley Kalergis. The respondent was the daughter of the decedent, and the step-daughter of the petitioner.

This is the second appeal to this court involving the same proceedings. (See *In re Estate of La Pierre* (1971), 132 Ill.App.2d 751, 270 N.E.2d 579.) On July 3, 1969, petitioner originally commenced the citation proceedings maintaining that the funds in question were held in joint tenancy between the respondent and decedent solely for decedent's benefit.

At the first trial, an officer of the savings and loan association testified that upon the death of the decedent the proceeds of the account were paid to the respondent. However, he also stated that the signature card for the account, the actual contract, could not be located at the association, and it was not produced at trial. The witness could only assume that the signature card was presented to him when he disbursed the funds to respondent. Petitioner testified at the first trial that he was present at the association when the account was opened, and that there was another card issued by the association bearing his name. The trial court found in favor of respondent, dismissing petitioner's claim. On appeal this court held that no competent evidence was introduced to show who was designated to own the certificate upon the death of the creator of the account. This court, in reversing and remanding the cause, pointed out that it had been advised in the brief and at oral argument that the signature card which was missing at the time of trial had now been located, and could be considered in further proceedings.

After remand, the same officer of the savings and loan association again testified at the second hearing. The signature card signed by decedent was introduced into evidence. The signature card indicated that the proceeds of the account were to be paid to respondent upon the death of the creator of the account. The officer testified that the signature card was missing at the time of the first trial, but had now been located. He recalled reviewing the card prior to the disbursement of the funds to the respondent. He also stated that there could be no other signature card in existence which would control the account in question. No other testimony was introduced. The trial court entered an order dismissing the citation petition, and this appeal follows.

■■ The establishment of a P.O.D. account is authorized in section

4—10(c) of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1969, ch. 32, par. 770(c).) To create such an account in a savings and loan association, the act requires that the person opening or holding the account execute a written agreement with the association providing that upon the death of the holder the account shall be paid to or held by another or others. The act also provides for the holder of the account to designate the person or persons surviving him who shall be entitled to and become owner of the account. While the disposition of funds in such a manner is clearly testamentary, not inter vivos, the creation of such an account is authorized by the statute even though it is not in accordance with the requirements of testamentary dispositions as set forth in the Statute of Wills; and the validity of such accounts has been repeatedly upheld by this court. *In re Estate of Gubala* (1967), 81 Ill.App.2d 378, 225 N.E.2d 646; *Estate of Schwendeman v. State Savings & Loan Association* (1969), 112 Ill.App.2d 273, 251 N.E.2d 99; *Johnson v. Garellick* (1969), 118 Ill.App.2d 80, 254 N.E.2d 597.

The case of *Montgomery v. Michaels* (1973), 54 Ill.2d 532, 301 N.E. 2d 465, cited by petitioner, is not applicable to the present case. Nor does *Montgomery*, as petitioner claims, invalidate P.O.D. accounts. That case concerned a Totten or tentative trust. Such a trust, created at common law, involved a deposit made in the account in the name of the depositor as trustee for another person with no further indication as to the depositor's intention. (See *In re accounting of Totten* (1904), 179 N.Y. 112, 71 N.E. 748.) The court in *Montgomery* held that the Totten trust was illusory, and that the property of such trust will be included in the decedent's estate for purposes of determining the spouse's statutory share. The instant P.O.D. account, created by statute, is not illusory. It constitutes a specific agreement containing definite terms and provisions regarding the deposit and disposition of funds.

Petitioner also contends that section 770(c) of the Illinois Savings and Loan Act is unconstitutional "as being an act not expressed in the title of the Savings and Loan Act," and also as being special legislation violative of the Illinois Constitution of 1870.

The Illinois Savings and Loan Act, like so much legislation, carries a short title. Its full title, however, is as follows:

> "AN ACT to revise and codify the laws in relation to Savings and Loan Associations and to provide penalties for the violation thereof, and to repeal an act therein named."

The constitutional provision that no act shall embrace more than one subject does not mean that it shall contain only one provision. Its purpose is to prevent the joining in one act matters which are incongruous and unrelated. *Stewart v. Brady* (1921), 300 Ill. 425, 133 N.E. 310.

■■ Petitioner's claim that section 770(c) is special or class legislation is equally without merit. In *Hansen v. Raleigh* (1945), 391 Ill. 536, 63 N.E.2d 851, our supreme court used pertinent language at page 544:

> "Laws are not to be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. The fact that a law discriminates against an individual or group, is not of itself, sufficient to render it invalid."

In our view, section 770(c) is not arbitrary and rests upon a reasonable basis.

Petitioner further contends that no proof was offered as to the genuineness of decedent's signature on the signature card.

■■ Respondent, through an officer of the savings and loan association, introduced the signature card into evidence. The same official testified that he participated in the transaction whereby the funds were paid to respondent. Indeed, his signature appeared on a check requisition dealing with the account. While the official did not recall the respondent, he remembered looking over all the documents before paying the funds to her. The official also stated specifically that the association always had possession of the signature card, but had misplaced the card when asked to produce it at the first trial. An instrument creating an account in a savings and loan association under the statute presumably speaks of the whole truth. (*In re Estate of Gubala* (1967), 81 Ill.App.2d 378, 225 N.E.2d 646.) The signature card was introduced into evidence by respondent, and petitioner offered no evidence to indicate that the card was not authentic or that the signature was not genuine. Respondent's proof was sufficient to establish the validity of the signature card.

■■ At oral argument, petitioner's counsel argued that the certificate of deposit itself was in the name of the decedent alone, and that such fact indicated the funds should be included in the estate. The fact that the certificate of deposit was outstanding in the name of the decedent alone was not determinative of ownership. The certificate is merely a receipt for the deposit of money which the bank holds. The signature card containing the agreement, and not the certificate, determines the ownership of the funds. *In re Estate of Macak* (1973), 14 Ill.App.3d 261, 302 N.E.2d 436.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.