THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DIANE THOMPSON, Defendant-Appellant.

First District (Third Division)   No. 78-2075

Opinion filed June 18, 1980.

Harvey Melinger, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown, and Ellen M. Flaum, Assistant State's Attorneys, of counsel), for the People.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a bench trial, the defendant, Diane Thompson, was convicted of the offense of prostitution (Ill. Rev. Stat. 1977, ch. 38, par. 11—14(a)(1)) and sentenced to the House of Corrections for a term of 30 days. The defendant contends on appeal that (1) she was not proved guilty beyond a reasonable doubt, (2) the prostitution statute is unconstitutional, (3) she was prejudiced by the admission of testimony concerning prior offenses and (4) her sentence was excessive.

Officer Earl Armstead of the prostitution unit, vice control division of the Chicago police department testified that on March 4, 1978, he and Officer Kenny Webb were on an assignment of surveillance of prostitution. Both officers wore plain clothes and occupied separate vehicles.

Armstead stated that he observed the defendant standing by a curb on West Madison Street in Chicago and waving at a passing car. He drove his car toward the defendant and she waved at him. Armstead stopped his car and the defendant approached the window. He asked her "if she was dating and she said 'yes'." Armstead requested that she get in his car and she complied. He told her he wanted a "straight f. . ." and she said "yes." He asked her how much it would cost and she replied "twenty dollars." Armstead then informed her that he was a police officer and placed her under arrest.

On cross-examination Armstead admitted that he had seen the defendant prior to the date of the arrest, but he did not know if she had seen him. He was unable to recall if any other women were standing on the street at the time of the arrest or if he arrested more than one person at that time. When asked if an Officer Lamb was also present, Armstead replied that he could not remember. When asked if six or seven other women ran from the scene as he got out of his car, he again responded that he could not remember.

The defendant testified that at about 12:45 a.m. on March 4, 1978, she was standing on West Madison Street with approximately seven other women. She stated that Officers Armstead, Lamb and Webb jumped out of their cars and chased the women. They caught the defendant and one other woman and informed them that they were under arrest for prostitution.

The defendant denied that she entered Armstead's car prior to her arrest or that she engaged in any conversation with him. The defendant testified that she knew that Armstead, Lamb and Webb were police officers. She claimed that she had observed both Armstead and Webb arresting her sister and a friend a few weeks prior to this incident. In

addition, the defendant stated that Lamb had arrested her for prostitution five years earlier.

On cross-examination the prosecutor asked the defendant if it was true that "a couple of those girls you were standing with are prostitutes." Over objection, the court permitted the defendant to answer. She stated that she did not know whether any of the women were prostitutes.

Michelle Thompson's testimony corroborated her sister's version of the arrest. On cross-examination she admitted that she was a prostitute and that she was prostituting that night. She stated that "we work together. I work by myself, but there is always a bunch of girls and Diane was with the bunch of girls." The prosecutor asked Michelle if Diane was also a prostitute. After the trial court overruled an objection, Michelle responded "yes."

I

The defendant first contends that she was not proved guilty beyond a reasonable doubt. She argues that her testimony was positive, credible and corroborated, in contrast to Armstead's testimony which revealed his inability to recall whether other women were present on the street and whether he arrested more than one woman.

■■ The positive testimony of a single credible witness is sufficient to convict a defendant of prostitution despite the fact that the testimony is contradicted by the accused. This court should not substitute its judgment on disputed evidence of the type presented here for that of the trial judge, who heard the evidence and observed the witnesses. (*People v. Johnson* (1978), 60 Ill. App. 3d 183, 376 N.E.2d 381.) Armstead's testimony concerning the defendant's agreement to perform an act of sexual intercourse for money was clear and credible. The details of the incident which Armstead could not recall were items contained in the defendant's version of her arrest which do not impair the credibility of his testimony. Although the defendant's testimony was corroborated by her sister, the weight to be given her testimony is affected by the fact that the witness has a natural interest in the defendant's well-being. *People v. Simmons* (1950), 407 Ill. 417, 95 N.E.2d 477.

The defendant also argues that Armstead's statement that he had seen the defendant prior to the date of the arrest corroborates her testimony that she knew that Armstead was a policeman, and it is therefore incredible to believe that she offered to perform an act of sexual intercourse for money with a known policeman. However, the defendant ignores Armstead's testimony that while he had previously seen the defendant, he did not know if she had seen him.

■■ Finally, the defendant argues that the State's failure to produce Officers Webb and Lamb as witnesses to rebut her testimony raises an inference that their testimony would be unfavorable to the State's case.

This argument fails because the State is not obliged to produce every witness to a crime in proving a case. (*People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600; *People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313.) The defendant was accused of agreeing to perform an act of sexual intercourse for money, and Armstead was the only witness to this agreement. If the defendant believed that the testimony of Webb and Lamb would have contradicted Armstead's testimony, she could have called them as her witnesses. *People v. Williams* (1976), 44 Ill. App. 3d 143, 358 N.E.2d 58; *People v. Gross* (1967), 87 Ill. App. 2d 300, 232 N.E.2d 54.

II

■■ The defendant's second argument is that the statute defining the offense of prostitution is unconstitutional. The statute provides that:

"Any person who performs, offers or agrees to perform any of the following acts for money commits an act of prostitution:

(1) Any act of sexual intercourse; or

(2) Any act of deviate sexual conduct." (Ill. Rev. Stat., 1977, ch. 38, par. 11—14(a).)

The defendant contends that this statute violates (a) her due process rights by defining an inherently inchoate offense as a specific substantive offense; (b) her right to equal protection of the law; (c) her right to freedom of speech, and (d) article 4, section 8(d) of the Illinois Constitution, which provides that bills shall be confined to one subject.

To support her argument that the statute violates her right to due process, the defendant relies on the fact that the Criminal Code classifies specific offenses as either inchoate or substantive. (Ill. Rev. Stat. 1977, ch. 38, par. 8—1 *et seq.*) She argues that an offer or an agreement to perform an act of sexual intercourse for money is an inchoate offense because there has been no completion of the act of intercourse. The defendant contends that by defining the offer or the agreement to perform as an act of prostitution, the legislature has attempted to make an incomplete act complete. She cites *Heiner v. Donnan* (1931), 285 U.S. 312, 76 L. Ed. 772, 52 S.Ct. 358, for the principle that a legislature violates the due process clause when it attempts to enact into existence a fact which does not exist in actuality.

Our legislature has not attempted to treat an offer or agreement to perform an act of intercourse as the completed act itself. It has simply defined three categories of prohibited conduct which constitute the crime of prostitution. The legislature apparently has determined that the offer or the agreement to perform a sexual act is as serious a social problem as the act itself. This court stated in *People v. Johnson*:

"[P]rostitution can be effectively combated only by prohibiting spoken offers and agreements to perform acts of prostitution. The

complainants in prostitution cases are often, as in this case, police officers who have solicited. If an offer standing alone were not prohibited conduct, the police could not be complainants in prostitution cases unless they first actually performed acts of intercourse with the persons they were arresting—a practice which no doubt would create a great deal of marital dissatisfaction and public criticism." 60 Ill. App. 3d 183, 188.

The defendant also contends that the statute violates her right to equal protection of the laws in that it establishes an unreasonable and arbitrary classification for prostitution. She argues that a person who merely agrees to commit an offense other than prostitution has not committed the substantive offense itself. However, as we have discussed previously, it is entirely reasonable for the legislature to prohibit offers and agreements to perform sexual acts.

The defendant's argument that the statute violates her right to freedom of speech also fails. This argument was rejected in *People v. Johnson*, in which this court concluded that the incidental restriction on freedom of speech resulting from this statute was not greater than what was essential to further the substantial governmental interest in eliminating acts of prostitution. The court noted that prostitution often causes further crime and spreads disease.

Finally, the defendant asserts that the statute violates article 4, section 8(d) of our State Constitution, which provides that bills shall be confined to one subject. This provision does not mean that an act shall contain only one provision. Its purpose is to prevent the joining in one act of matters which are incongruous and unrelated. (*In re Estate of La Pierre* (1974), 20 Ill. App. 3d 429, 314 N.E.2d 309.) This statute is concerned only with the offense of prostitution. The fact that the act describes three methods of committing the offense does not mean that the act concerns three separate subject matters.

### III

The defendant next contends that the trial court committed prejudicial error by admitting evidence of offenses other than the offense for which she was being tried. She objects to the trial court's refusal to sustain her objections to the questions concerning whether she and her companions were prostitutes.

■■ Although we agree with the State's response that this testimony did not contain evidence of other specific crimes, such questioning was erroneous. We believe that the purpose of the questioning was erroneous. We believe that the purpose of the questioning was to show the character of the defendant as a prostitute who probably committed the crime in question. A long-established rule of evidence forbids the prosecution to

introduce evidence of the bad character of the accused, unless the defendant first puts it in issue by offering evidence of her good character. *People v. Smith* (1966), 74 Ill. App. 2d 458, 221 N.E.2d 68; Wigmore, Evidence §§55-57, at 449-56 (3d ed. 1940).

We do not believe, however, that this error prejudiced the defendant's case. Prior to the State's question concerning her companions, the defendant volunteered the information that she and her friends had been arrested previously for prostitution. Subsequent to Michelle Thompson's admission that she, the defendant and her companions were prostituting that evening, the State asked Michelle if the defendant was a prostitute. Because the evidence of the defendant's character was introduced by the defendant, the court's refusal to sustain the defendant's objections was harmless error.

IV

■■ The defendant's final argument is that her sentence to the House of Corrections for 30 days is excessive. The supreme court has held that absent an abuse of discretion, the reviewing court may not alter the sentence of the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Our Criminal Code permits the trial court to sentence an individual convicted of prostitution to a term of imprisonment up to 364 days. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—3(1).) In the instant case the trial court considered the fact that the defendant had five prior convictions for prostitution and one conviction for aggravated battery. In view of the defendant's record and the latitude given the trial court in sentencing, we do not believe that the trial court abused its discretion.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.