IRENE COTTON, Plaintiff-Appellant, v. FIRST STATE BANK OF MEN-
DOTA, Defendant-Appellee.

Third District   No. 3—88—0656

Opinion filed April 20, 1989.

Louis E. Olivero & Associates, of Peru, for appellant.

Michael S. Guilfoyle, of Mendota, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is an action brought by the beneficiary of a payable-on-death account against the bank that issued the account to recover damages occasioned by the conduct of the bank in handling the account. The action arises out of the fact that prior to the death of the account owner, the bank removed the name of the payable-on-death beneficiary from the account.

The plaintiff, Irene Cotton, alleges that a payable-on-death account was established by her aunt, Margaret Happ, naming the plaintiff as beneficiary in the amount of $45,000. Mrs. Cotton claims that the defendant, First State Bank of Mendota (bank), through its

agents or employees made certain representations to Mrs. Happ which caused her to change the account to the name of Margaret Happ, individually. The trial court granted the bank's motion for summary judgment, finding that the bank owed no duty to Mrs. Cotton as a payable-on-death beneficiary or otherwise and that no genuine issue as to any material fact existed. The plaintiff appeals the trial court's decision. We affirm.

Mrs. Cotton, age 80, stated in her deposition that she and her husband had taken care of her 92-year-old aunt for several years. Mrs. Cotton admitted that on December 12, 1984, she and her aunt visited the bank and that Mrs. Cotton told the bank to add her name as a payable-on-death beneficiary to her aunt's account. After this was done, the bank became concerned about the change in the account and called Mrs. Happ into the bank on December 17, 1984, to discuss the alteration with her. The bank's concern was that the changing of the certificate of deposit was not Mrs. Happ's idea, but that Mrs. Cotton was exerting undue influence over Mrs. Happ. Wayne Whitmore, the bank's attorney, testified in his deposition that he asked Mrs. Happ in a private meeting on December 17, 1984, whether she wanted anybody else's name put on her account and whether it was her intention to change ownership of the account to Irene Cotton payable on death. Mrs. Happ allegedly responded:

> "I do not want it that way. I want my name on it. That's my money ***. That time certificate belongs to me, I want it in my name alone ***. Irene's name is not to be on it in any way ***. If I want to take care of Irene, I'll take care of her later."

Thereafter, the portion of the certificate which stated "Irene Cotton Pay on Death" was whited out by a bank employee and Mrs. Happ signed her name over the whited out portion. Mr. Whitmore then allegedly told Mrs. Cotton that Mrs. Happ wanted the certificate in her name alone. Mrs. Happ died on April 7, 1986, approximately 1½ years from the date of the changing of the payable-on-death account.

■ The plaintiff first argues that genuine issues of material facts existed in this case, thus barring summary judgment. The plaintiff contends that a genuine issue of fact was presented as to whether a valid payable-on-death account had been created for the benefit of Irene Cotton by Mrs. Happ. Since we accept the plaintiff's contention that a valid payable-on-death account was established, we need not address this issue here. The plaintiff further maintains, however, that a material fact existed as to whether improper or unwarranted statements and representations made by agents or em-

ployees of the bank to Mrs. Happ caused her to change the account to sole ownership. Such a claim is not supported by the record.

No evidence was produced by the plaintiff to show that the bank unduly influenced Mrs. Happ to change her account. To the contrary, the evidence supports the bank's position that they were merely looking after Mrs. Happ's best interests. Consequently, this court finds that no genuine issue as to any material fact exists and that the trial court correctly granted summary judgment as a matter of law. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Codo, Bonds, Zumstein & Konzelman, P.C. v. Federal Deposit Insurance Corp.* (1986), 148 Ill. App. 3d 698.

■ Finally, the plaintiff contends that the bank owed her a duty not to interfere with her rights as a third-party beneficiary of the payable-on-death account. Correspondingly, the plaintiff claims that she should have been included in the conversation between Wayne Whitmore and Margaret Happ on December 17, 1984. As previously noted, the plaintiff failed to present any evidence to support her position that the bank improperly interfered with the payable-on-death account by exerting undue pressure on Mrs. Happ. Furthermore, the plaintiff misinterprets the rights of a third-party beneficiary of a payable-on-death account. As was stated by the appellate court in *In re Estate of Gubala* (1967), 81 Ill. App. 2d 378, 382-83:

> "The beneficiary of a 'P.O.D [payable on death] account' cannot withdraw any of the money prior to the owner's death and has no legal redress to protect himself against a wasteful dissipation of the funds by the owner. In effect, his interest comes into being only at the owner's death. The owner of a 'P.O.D. [payable on death] account' therefore does not during his lifetime, part with exclusive dominion and control over the funds therein."

Thus, unquestionably, Mrs. Happ had the right to terminate the payable-on-death account during her lifetime if she so desired. Moreover, neither Mrs. Happ nor the bank owed Mrs. Cotton a duty to consult with her before changing the account. To hold that a third-party beneficiary must be informed of changes in a payable-on-death account would mean that the owner could not change the account without contacting the beneficiary. This runs counter to the well-established rule of law that the owner of a payable-on-death account has exclusive dominion and control over the funds of the account during her lifetime. Additionally, this court notes that the legislature, subsequent to the occurrences in this case, clarified the notice issue by stating that the holder of a payable-on-death account may change the desig-

nated beneficiaries without the consent or knowledge of such persons. Ill. Rev. Stat. 1987, ch. 17, par. 2134(a).

Accordingly, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.