# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Solis*, 2013 IL App (1st) 102756

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARLENE SOLIS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2756 |
| Filed | March 12, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for prostitution was upheld over her contention that the prostitution statute was unconstitutional to the extent that it improperly merged the inchoate offense of attempted prostitution with the completed offense of prostitution, since prostitution is committed when an agreement is made to perform an act of sexual penetration for money, not just when the act is actually performed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-10964; the Hon. James M. Obbish, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Melinda Grace Palacio, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People.

Panel        JUSTICE QUINN delivered the judgment of the court, with opinion.

Presiding Justice Harris and Justice Simon concurred in the judgment and opinion.

## OPINION

¶ 1        Following a bench trial, defendant Darlene Solis was found guilty of prostitution, then sentenced to 27 months' imprisonment. On appeal, defendant contends that the prostitution statute is unconstitutional because it improperly merges the inchoate offense of attempted prostitution with the completed offense of prostitution. For the following reasons, we affirm.

¶ 2        On the evening of June 1, 2010, Chicago police officer George Dunn was driving a covert vehicle down North Avenue when he saw defendant standing on the north side of the street and waving at passing vehicles. He turned around and parked about 30 feet away from her, and she walked to his car and entered it. Inside the car, Officer Dunn asked defendant if she had a place to go, and she responded, "well, what do you want, a blow job?" The officer took this to mean oral copulation and replied in the affirmative. He then asked defendant "what she needed." She requested $20, and he agreed to the amount, then drove her up the block to his waiting partner, who arrested her. The trial court found defendant guilty of prostitution, a Class 4 felony due to a prior prostitution conviction, and sentenced her to 27 months' imprisonment.

¶ 3        In this appeal, defendant challenges the constitutionality of her felony conviction for prostitution. She claims that the inclusion of the phrase "performs, offers or agrees to perform" in the prostitution statute improperly combines both an inchoate and a completed offense, *i.e.*, the Class A misdemeanor of attempted prostitution and the Class 4 felony of prostitution. As a result, she claims, the statute: (1) abrogates section 8-5 of the Criminal Code of 1961 (Code) (720 ILCS 5/8-5 (West 2010)); (2) violates the proportionate penalties clause of the Illinois Constitution; and (3) creates an ambiguity which must be resolved in her favor under the rule of lenity.

¶ 4        The State responds that in *People v. Thompson*, 85 Ill. App. 3d 964 (1980), this court rejected defendant's argument that an "offer or agreement to perform" a sexual act constitutes the inchoate offense of attempted prostitution. The State also responds that under

the clear and unambiguous language of section 11-14(a) of the Code (720 ILCS 5/11-14(a) (West 2010)), an agreement to perform an act of sexual penetration for anything of value constitutes the completed offense of prostitution.

¶ 5 The State initially maintains that defendant has forfeited this issue on appeal because she failed to raise it in the trial court. We disagree. Defendant claims that the prostitution statute is unconstitutional, and a challenge to the constitutionality of a statute may be raised at any time. *People v. McCarty*, 223 Ill. 2d 109, 123 (2006). Under the circumstances, the bar of forfeiture does not prevent us from addressing the merits of defendant's claim.

¶ 6 In turning thereto, we observe that statutes are presumed to be constitutional and that it is the burden of the party challenging the statute to demonstrate its invalidity. *People v. Graves*, 207 Ill. 2d 478, 482 (2003). A reviewing court has a duty to construe statutes in a manner that upholds their validity and constitutionality where it reasonably can be done. *Graves*, 207 Ill. 2d at 482. We review the constitutionality of a statute *de novo*. *Graves*, 207 Ill. 2d at 482.

¶ 7 Under the Code, a person commits an act of prostitution when she "performs, offers or agrees to perform any act of sexual penetration *** for any thing of value." 720 ILCS 5/11-14(a) (West 2010). A person commits attempt when, with intent to commit a specific offense, she does any act that constitutes a substantial step toward the commission of that offense. 720 ILCS 5/8-4(a) (West 2010). Here, defendant was found guilty of prostitution in that she "KNOWINGLY AGREED TO PERFORM" an act of sexual penetration upon Officer Dunn for money. Her conviction was also elevated to a Class 4 felony due to a prior prostitution conviction. 720 ILCS 5/11-14(b) (West 2010).

¶ 8 Defendant now challenges her conviction on the grounds that the prostitution statute is unconstitutional, claiming that an agreement to perform an act of sexual penetration for money, such as occurred here, constitutes both the completed offense of prostitution and the inchoate offense of attempted prostitution. In *Thompson*, 85 Ill. App. 3d at 967, a case analogous to the one at bar, defendant was convicted of prostitution and similarly claimed that the statute defining the offense was unconstitutional because it defined an inherently inchoate offense as a specific substantive offense. Defendant argued that "an offer or an agreement to perform an act of sexual intercourse for money is an inchoate offense because there has been no completion of the act of intercourse." *Thompson*, 85 Ill. App. 3d at 967. This court disagreed, stating:

> "Our legislature has not attempted to treat an offer or agreement to perform an act of intercourse as the completed act itself. It has simply defined three categories of prohibited conduct which constitute the crime of prostitution. The legislature apparently has determined that the offer or the agreement to perform a sexual act is as serious a social problem as the act itself." *Thompson*, 85 Ill. App. 3d at 967.

We thus affirmed defendant's conviction for prostitution. *Thompson*, 85 Ill. App. 3d at 969.

¶ 9 Defendant's argument in the case at bar suffers from the same flaw as the one raised in *Thompson* in that it assumes the offense of prostitution is only "completed" when defendant actually performs an act of sexual penetration, thereby equating prostitution with a sexual act. As this court made clear in *Thompson*, however, the offense of prostitution is comprised

of three types of prohibited conduct, one of which is an agreement to perform an act of sexual penetration for money. *Thompson*, 85 Ill. App. 3d at 967.

¶ 10 Defendant, nonetheless, maintains that *Thompson* was wrongly decided and cannot be "squared" with the supreme court's ruling in *People v. Wallace*, 57 Ill. 2d 285 (1974). In that case, defendants were convicted of attempted bribery and claimed on appeal that the attempt provision of the Code did not pertain to the offense of bribery. *Wallace*, 57 Ill. 2d at 287, 291. The supreme court rejected their claim, noting that factual situations may exist in which the conduct of a defendant does not amount to bribery, but might be construed as a substantial step toward the completion of the offense. *Wallace*, 57 Ill. 2d at 292. The supreme court held that absent a manifest legislative intent to exclude bribery from the purview of the attempt provision, defendants' indictment charging attempted bribery was valid. *Wallace*, 57 Ill. 2d at 292.

¶ 11 Defendant argues that the bribery statute in *Wallace*, like the prostitution statute, merged both the inchoate and completed offense into a single substantive offense, and that the supreme court held that "this did not negate application of the attempt statute to those facts." In making this argument, it is clear that defendant has completely misconstrued *Wallace*. The supreme court did not hold in *Wallace* that the bribery statute merged the inchoate and completed offense; to the contrary, the supreme court expressly recognized attempted bribery as a distinct offense which may occur when a defendant's conduct does not constitute bribery, but might be construed as a substantial step toward the completion of the offense. *Wallace*, 57 Ill. 2d at 292.

¶ 12 That said, it is not entirely clear from defendant's brief why she believes that *Wallace* and *Thompson* cannot be squared. Although she points out that the State "admits" the legislature provided no manifest intent to exclude the offense of prostitution from the purview of the attempt statute, she does not explain the import of this admission and simply concludes that "this was a quintessential exemplar of an inchoate offense." We independently ascertain no conflict between *Wallace* and *Thompson*, and thus reject defendant's claim as inconsistent with the latter. *Thompson*, 85 Ill. App. 3d at 967.

¶ 13 Having so concluded, we need not address the remainder of defendant's arguments which rely on her faulty interpretation of the prostitution statute as encompassing both the inchoate and completed offense. For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 14 Affirmed.