439 So.2d 404 (1983)
STATE of Louisiana
v.
Donna FORREST.
STATE of Louisiana
v.
Linda LIETEAU.
Nos. 83-KK-0523, 83-KK-0753.
Supreme Court of Louisiana.
October 17, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, William Campbell, Leon A. Cannizzaro, Asst. Dist. Attys., for plaintiff-relator in No. 83-KK-0523.
Frederick J. King, Jr., New Orleans, for defendant-respondent in No. 83-KK-0523.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, William Campbell, Susan Scott Hunt, Bruce Netterville, *405 Asst. Dist. Attys., for relator-applicant in No. 83-KK-0753.
Milton P. Masinter, New Orleans, for defendant-respondent in No. 83-KK-0753.
DIXON, Chief Justice.
Donna Forrest and Linda Lieteau were charged by bills of information with the crime of prostitution under R.S. 14:82(b).[1] Ms. Forrest was charged with prostitution in three separate bills of information filed on November 17, 1982; the bill of information charging Ms. Lieteau with one count of prostitution was filed on January 5, 1983. They were each billed as multiple offenders since Ms. Forrest had previously been convicted of prostitution on two earlier occasions, while Ms. Lieteau had been convicted of prostitution one time before. Both defendants filed motions to quash the multiple offender provisions. The trial court granted the motions to quash. The court of appeal transferred these cases to this court. The cases have been consolidated and treated as appeals pursuant to La. Const.1974, Art. 5, § 5(D)(1).
The state argues that the trial court erred in finding the multiple offender provisions of R.S. 14:82 unconstitutional.
On June 15, 1982 Donna Forrest was arrested for prostitution, a violation of R.S. 14:82. She was released on bond and then subsequently, on July 7, 1982 she was arrested again for the same offense. After posting bond for a second time, Ms. Forrest was rearrested for prostitution on July 23, 1982. In each of the bills of information filed for these three separate offenses, the state alleged that Ms. Forrest had been previously convicted of prostitution two times before. She had been convicted of prostitution on December 8, 1972 and on April 7, 1975.
Linda Lieteau was arrested on July 29, 1982 for prostitution. She was charged with a single incident of prostitution, and a 1976 conviction for prostitution was used to activate the enhanced penalty provisions of the statute.
In their respective motions to quash, the defense asserted that the enhanced sentencing provisions based on previous misdemeanor violations created a denial of due process and equal protection since R.S. 14:82 fails to provide a time limitation or "cleansing period" for the use of prior offenses. Defendant Lieteau's motion to quash alleged that this failure to provide a time limitation constitutes "cruel, excessive, or unusual punishment" under La. Const. 1974, Art. 1, § 20.
The Louisiana prostitution statute, R.S. 14:82, as amended by 1977 La.Acts, No. 49, defines the crime of prostitution and then sets forth the applicable penalties. The first offense is punishable by a fine of not more than $500 and/or imprisonment for not more than six months. On a second conviction an offender is to be fined not less than $250 nor more than $2000 and may be imprisoned, with or without hard labor, for not more than two years. On a third and subsequent conviction, the offender is to be imprisoned, with or without hard labor, for not less than two nor more than four years and fined not less than $500 nor more than $4000. The first offense is a misdemeanor; the second and subsequent offenses are felonies.[2]
*406 R.S. 14:82 does not contain any provisions for a prescriptive or "cleansing period" between a former and subsequent offense within which the enhanced penalty provisions would be applicable.
In ruling in the Forrest cases the trial court considered the fact that R.S. 15:529.1 and 14:94 which provide for enhanced penalties for repeat felony offenders both contain a five year cleansing period after which the previous convictions may not be used.[3] Noting that the prostitution cases "involve six (6) month misdemeanors," the trial court ruled that R.S. 14:82 denied Ms. Forrest equal protection under the United States Constitution in that it "provides a more harsh penalty for a misdemeanor than it does for a serious felony in regards to the enhancement of penalties."
The state contends that under a proper equal protection analysis, felony offenders and misdemeanor violators cannot be compared as similarly situated groups. The habitual offender statute, R.S. 15:529.1, is concerned with people convicted of any prior felony within a certain period of time. R.S. 14:82, on the other hand, is an attempt to halt a very specific type of behavior: prostitution. The state urges that a person who has been convicted of prostitution and who is later convicted of that same crime is not merely an habitual offender, but one who is engaged in a certain type of behavior which the legislature has deemed harmful to society. The state further asserts that the legislature's wide discretion in setting forth criminal penalties should be respected unless the penalty is so excessive as to violate the Eighth Amendment's prohibition against cruel and unusual punishment.
The defendants argue that it is cruel and unusual punishment to enhance a misdemeanor offense after an accused has lived a crime-free life for a substantial period of time. It is alleged that the lack of a reasonable time period to cleanse prior misdemeanor convictions, as compared to subsequent felony convictions carrying enhanced penalties, provides harsher penalties for the misdemeanant.
The habitual offender law is a general statute concerned with enhancing the penalties of career felons, whereas the prostitution statute deals only with the repetition of that specific crime, prescribing a greater punishment when there is a subsequent conviction for the same offense. State v. Washington, 248 La. 894, 182 So.2d 528 (1966). The legislature has not fixed a time limitation as to the use of prior convictions for prostitution to enhance subsequent violations of the same statute.
The habitual offender law concerns habitual felony offenders generally and enhances their penalties because they are recidivistic violators of felony laws in general. The enhancement of penalties in felony convictions occurs after a former conviction for another felony, not necessarily the same felony as the latter conviction, within a certain period of time. R.S. 14:82, on the other hand, pertains to those who repeat the same offense which is a misdemeanor in the first instance and becomes a felony upon repeat offenses of this same statute. R.S. 14:82 carries graver penalties for repeat violations of that statute. As opposed to R.S. 15:529.1, the enhanced penalties cannot be imposed unless the prior convictions were for violations of this particular statute. State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967); State v. Duncan, 219 La. *407 1030, 55 So.2d 234 (1951); State v. Bailey, 165 La. 341, 115 So. 613 (1928).
Accordingly, recidivistic transgressors of felony laws are distinguishable from violators who repeat an offense when it is a misdemeanor in the first instance. As such it cannot be said that such defendants are similarly situated and denied equal protection under our laws.
In addition, the failure of the legislature to include a time limitation in R.S. 14:82 does not constitute "cruel, excessive, or unusual punishment" under La. Const. 1974, Art. 1, § 20.
There is no question that the state has broad authority under its police power to enact legislation to protect the health, safety and welfare of its citizens. This power vests the state with the authority to enact restrictive legislation pertaining to prostitution, long regarded as a threat to the health and safety of the general public. L'Hote v. New Orleans, 177 U.S. 587, 20 S.Ct. 788, 44 L.Ed. 899 (1899); State v. McCormick, 142 La. 580, 77 So. 288 (1917).
The legislature may have decided to place no time limitation in the prostitution statute because of the nature of the offense. Our prostitution statute is regarded as having three objectives: to prevent the spread of venereal disease; to protect citizens from annoyance; and to control related crimes, such as illicit drugs, gambling and organized crime. Comment, ProstitutionProsecution Limited to Women Offenders, 1 Southern U.L.Rev. 316, 317 (1975). In 1977 the prostitution statute was restructured to add the graver penalty provision for repeat offenders with no time limitation between offenses. Prior to 1977 the legislature did not distinguish between first and repeat offenders of the prostitution statute: the sentence was the same for both. In 1977 the legislature appears to have determined that the stiffer penalties for repeat offenders with no cleansing period were necessary due to the "seriousness and ever increasing instances of the offense." State v. Washington, supra 182 So.2d at 530. The control of prostitution and its related hazards appears to have been of such importance to the legislature that it was immaterial to it how far removed the offenses were from each other. It was entirely within the power of the legislature to implement a prescriptive period, but it chose not to do so. We find no other provision that would require interference with the broad discretion of the legislature in setting up a system of punishment specifically designed to combat certain types of offenses.
For the foregoing reasons we reverse the trial court's ruling quashing the multiple bill provision of the indictments and order the cases remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] "Prostitution is:

(a) The practice by a person of indiscriminate sexual intercourse with others for compensation.
(b) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
Whoever commits the crime of prostitution shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.
On a second conviction, the offender shall be fined not less than two hundred fifty dollars nor more than two thousand dollars or be imprisoned, with or without hard labor, for not more than two years, or both.
On a third and subsequent conviction the offender shall be imprisoned, with or without hard labor, for not less than two nor more than four years and shall be fined not less than five hundred dollars nor more than four thousand dollars."
[2] "In this Code the terms enumerated shall have the designated meanings:

(4) `Felony' is any crime for which an offender may be sentenced to death or imprisonment at hard labor.
(6) `Misdemeanor' is any crime other than a felony." R.S. 14:2.
[3] The trial court also stated that the legislature provided a five year cleansing period in R.S. 14:95, the statute forbidding the illegal carrying of a weapon, which is a misdemeanor on the first offense. However, the trial court also observed that no cleansing period existed in either R.S. 14:67, the theft statute, or R.S. 40:966(D), the marijuana statute. Under all three of these statutes, the first offense is a misdemeanor. The trial judge felt that defendants in theft cases and marijuana cases, as well as defendants in prostitution cases, were deprived of equal protection of the law since no prescriptive period was provided in the statutes.