477 So.2d 80 (1985)
STATE of Louisiana
v.
Victoria W. WOLJAR.
No. 85-KA-0264.
Supreme Court of Louisiana.
October 21, 1985.
*81 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne Moseley, Michael McMahon, Maria Lazarte, Asst. Attys. Gen., for plaintiff-appellant.
Anthony L. Glorioso, New Orleans, for defendant-appellant.
MARCUS, Justice.
Victoria W. Woljar was charged by bill of information with having solicited two undercover police officers with the intent to engage in oral copulation for compensation in violation of La. R.S. 14:89(A)(2). Defendant filed a motion to quash the information, asserting two grounds of unconstitutionality. First, she argued that solicitation is merely an attempted crime against nature and the elevation of an attempt to the same status as the completed offense (unnatural carnal copulation) violates the constitution.[1] Secondly, she contended that the meaning of "solicitation" is unclear rendering La. R.S. 14:89(A)(2) unconstitutionally vague. The trial judge sustained the motion to quash. The state appealed the district court's ruling to this court.[2] The sole issue presented for our consideration is whether La. R.S. 14:89(A)(2) is constitutional.
La. R.S. 14:89 provides:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.[[3]]
B. Whoever violates the provisions of this Section shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
In finding La. R.S. 14:89(A)(2) unconstitutional, the trial judge stated that
[t]he Court is of the opinion that mere preparation or attempt to commit a crime, as defined in 89, Paragraph A, Sub-paragraph 2, Subpart 2, is making an attempt into the violation of Paragraph 1, and the Court feels that [it] is unconstitutional to make an attempt to commit an offense, constitute the offense other than an attempt....
The trial judge erred. La. R.S. 14:89(A)(2) is clearly constitutional.
In Louisiana it is the exclusive province of the legislature to say what acts *82 shall constitute crimes and to adopt laws prohibiting the commission of them. State v. Rodriguez, 379 So.2d 1084 (La.1980); State v. Vaccaro, 200 La. 475, 8 So.2d 299 (1942); State v. Staub, 182 La. 1040, 162 So. 766 (1935). Through La.R.S. 14:89, the legislature has proscribed two types of conduct, each of which constitutes a crime against nature. A person commits a crime against nature either by engaging in unnatural carnal copulation with another or by soliciting another with the intent to engage in the illicit act for compensation. Section 89 is not the only statute which, in defining a sex offense, equates solicitation with performance of the sexual act. In La.R.S. 14:82, the legislature has defined prostitution as either "[t]he practice by a person of indiscriminate sexual intercourse with others for compensation" or "[t]he solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation."[4] This court upheld the constitutionality of La. R.S. 14:82 in State v. Forrest, 439 So.2d 404 (La.1983), on the ground that
[t]here is no question that the state has broad authority under its police power to enact legislation to protect the health, safety and welfare of its citizens. This power vests the state with authority to enact restrictive legislation pertaining to prostitution, long regarded as a threat to the health and safety of the general public.[[5]]
The Louisiana Legislature's method of defining sex crimes is not unique. Many states have adopted similar approaches in their attempts to combat compensated sexual activities. For example, Virginia defines a prostitute as one who, for compensation, "commits" or "offers to commit" fornication or crimes against nature. Va. Code § 18.2-346 (1950). California punishes any person "[w]ho solicits or who engages in any ... lewd act ... for money or other consideration." Cal. Penal Code § 647(b) (West 1985). In Texas, a person is guilty of prostitution if he "(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or (2) solicits another in a public place to engage with him in sexual conduct for hire." Tex. Penal Code Ann. § 43.02 (Vernon 1985).[6]
The Louisiana Legislature possesses the authority to enact any law which is not prohibited by our constitution or the federal constitution. Davenport v. Hardy, 349 So.2d 858 (La.1977); State v. Pete, 206 La. 1078, 20 So.2d 368 (1944). Defendant has cited no authority to support her proposition that the elevation of solicitation to the same status as unnatural carnal copulation is unconstitutional. Therefore, we conclude that the legislature acted constitutionally when it chose to make solicitation a crime against nature.[7] The trial judge erred in holding otherwise.
*83 Alternatively, defendant argues that the term "solicitation" is unconstitutionally vague. Article I, section 13 of our constitution provides in part that "an accused shall be informed of the nature and cause of the accusation against him."[8] The essence of this provision is
that no one in this State can be held accountable, or subjected to criminal prosecution, for any act done by him unless and until that act has been denounced as a crime, and has been made punishable in a statute that defines the act outlawed with such precision that the person sought to be held accountable will know that his conduct falls within the scope of the prohibition.
State v. Cloud, 248 La. 125, 176 So.2d 620 (1965). This notice requirement is satisfied when the crucial words and phrases in the criminal statute have a fixed and definite meaning for a person of ordinary intelligence. State v. Davis, 448 So.2d 645 (La. 1984); State v. Lindsey, 310 So.2d 89 (La. 1975); State v. Cloud, supra. In Cloud, this court referred to Webster's Third New International Dictionary and Black's Law Dictionary for the definitions of the challenged terms. From the definitions provided by these sources, the court determined that the statutory language was clear, concrete and "not extremely difficult to comprehend." Accordingly, we ruled that the statute was constitutional.
Webster's defines "solicit" as: "to entice or lead astray ... lure on ... attempt to seduce ... to accost (a man) for immoral purposes and usu. in the character of a prostitute...." Webster's Third New International Dictionary 2169 (1961). Similarly, in defining "solicitation," Black's provides that "[f]or the crime of solicitation to be completed, it is only necessary that the actor, with intent that another person commit a crime, have enticed, advised, incited, ordered, or otherwise encouraged that person to commit a crime." Black's Law Dictionary 1249 (5th ed. 1979). These sources make it clear that the term "solicitation" is not ambiguous. Rather, its meaning is fixed, definite and discernible by ordinary men of reasonable intelligence. Therefore, the constitutional requirement of definiteness is satisfied; the term "solicitation" as used in La.R.S. 14:89(A)(2) is not unconstitutionally vague.

DECREE
For the reasons assigned, the judgment of the trial court sustaining the motion to quash is reversed, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
DIXON, C.J., respectfully dissents. "Unnatural carnal copulation" is a vague, ambiguous and undefined crime.
DENNIS, J., concurs but does not subscribe fully to the state constitutional due process interpretation.
NOTES
[1] Defendant based this first contention on La. R.S. 14:27(C) which provides that an attempt is "a separate but lesser grade of the intended crime." From this statutory definition, counsel for defendant concluded that "[p]aragraph 2 of Section A appears to make criminal, the attempt for compensation to perform the criminal conduct defined in Paragraph 1, Section A of 14:89, and that is specifically prohibited by Title 14, Section 27.... Based upon that ... we submit that that section is violative of her constitutional rights."
[2] A case shall be appealable to the supreme court if a law has been declared unconstitutional. La. Const. art. 5, § 5(D)(1).
[3] La.R.S. 14:89(A)(2) was added to the statute in 1982 by Act No. 703. See 1982 La.Acts, No. 703.
[4] The legislature added solicitation to its definition of prostitution in 1977. 1977 La.Acts No. 49.
[5] In Forrest, the defendants were charged with prostitution under La.R.S. 14:82(b) which defines prostitution as "[t]he solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation." The defendants, however, did not challenge the validity of section 82(b). Rather, they contended that La.R.S. 14:82 was unconstitutional because it failed to provide a "cleansing period" for the use of prior offenses. Although Forrest did not concern the constitutionality of the legislature's treatment of solicitation, the court's reasoning applies to this issue. La.R.S. 14:82(b) clearly falls within the legislature's police power to protect the health and welfare of Louisiana citizens.
[6] See also, e.g., Alaska Stat. § 11.66.100 (1962); Ark.Stat.Ann. § 41-3002 (1947); Conn.Gen.Stat. Ann. § 53a-82 (West 1958); Fla.Stat.Ann. § 796.07 (West 1976); Ga.Code Ann. § 16-6-9 (1984); Ill.Ann.Stat. ch. 38, § 11-14 (Smith-Hurd 1985); N.Y. Penal Law § 230.00 (McKinney 1980); Wyo.Stat. § 6-4-101 (1977).
[7] In People v. Thompson, 85 Ill.App.3d 964, 41 Ill.Dec. 263, 407 N.E.2d 761 (1980), the defendant claimed that the Illinois statute violated the equal protection and due process clauses because it equated an incomplete actsolicitationwith the completed actintercourse. The court rejected the defendant's contention holding that:

The legislature apparently has determined that the offer or the agreement to perform a sexual act is as serious a social problem as the act itself. This court stated in People v. Johnson:
"... [P]rostitution can be effectively combated only by prohibiting spoken offers and agreements to perform acts of prostitution. The complainants in prostitution cases are often, as in this case, police officers who have been solicited. If an offer standing alone were not prohibited conduct, the police could not be complainants in prostitution cases unless they first actually performed acts of intercourse with the persons they were arrestinga practice which no doubt would create a great deal of marital dissatisfaction and public criticism." 60 Ill.App.3d at 188, 17 Ill.Dec. at 386, 376 N.E.2d at 385.
[8] The federal counterpart of the Louisiana constitutional provision is contained in the fourteenth amendment to the United States Constitution. The standard of definiteness required by each is the same. State v. Gisclair, 363 So.2d 696 (La.1978).