816 So.2d 1272 (2002)
STATE of Louisiana
v.
Larry EVERETT.
No. 2000-K-2998.
Supreme Court of Louisiana.
May 14, 2002.
Rehearing Denied June 21, 2002.
*1273 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Nicole B. Barron, Scott D. Peebles, for applicant.
Robert S. Glass, New Orleans, for respondent.
KIMBALL, Justice.
We granted certiorari to consider whether a defendant can be adjudicated a third offender pursuant to Louisiana's Habitual Offender Law, La. R.S. 15:529.1, when, at the time he committed his second offense, he could not have been adjudicated a second offender. Based on our interpretation of Louisiana's Habitual Offender Law, we conclude that defendant was properly adjudged a third offender notwithstanding the fact that he could not have previously been adjudged a second offender.

Facts and Procedural History
This case involves the interpretation and application of Louisiana's Habitual Offender Law, La. R.S. 15:529.1. The recitation of the following facts is necessary for a proper resolution of the issue.
On February 13, 1984, defendant, Larry Everett, was convicted of the crime of being a convicted felon in possession of a firearm and was sentenced to serve three years at hard labor. On May 24, 1993, defendant was convicted of another felony, theft of property valued between $100 and $500, and was placed on probation for eighteen months. Although this was at least defendant's second felony conviction, he could not have been adjudicated a second felony offender under La. R.S. 15:529.1 because subsection (C) provided in part at that time:
This section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted.
Pursuant to this provision, defendant could not have been, and in fact was not, adjudicated a second felony offender because more than five years had elapsed since the expiration of his 1984 sentence, making La. R.S. 15:529.1 inapplicable in the 1993 case.[1]
In 1994, La. R.S. 15:529.1(C) was amended to provide that the section shall not be applicable in cases where more than seven, rather than five, years have elapsed since the expiration of the maximum sentence of the previous conviction and the time of the commission of the last felony for which defendant has been convicted. Act No. 85 of 3rd Ex.Sess. of 1994. This subsection was again amended in 1995 to further increase the applicable period of *1274 La. R.S. 15:529.1(C) to ten years between the expiration of the maximum sentence of the previous conviction and the time of the commission of the last felony for which defendant has been convicted. Act 839 of 1995.
The instant offense occurred on September 5, 1998. On October 6, 1998, defendant was charged by bill of information with one count of aggravated battery in violation of La. R.S. 14:34. Following trial on March 10, 1999, a jury found defendant guilty as charged. After the trial court conducted a sentencing hearing, defendant was sentenced to serve ten years at hard labor.[2] The State then filed a multiple bill citing the 1984 and 1993 convictions and alleging defendant was a third felony offender. Subsequent to a multiple bill hearing in which expert testimony was introduced, the trial court adjudged defendant a third felony offender, vacated the previous ten year sentence, and sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
On appeal, the court of appeal affirmed defendant's conviction, but vacated his adjudication and sentence as a third felony offender and remanded the case for resentencing as a second offender. State v. Everett, 99-1963 (La.App. 4 Cir. 9/27/00), 770 So.2d 466. In vacating the third offender adjudication, the court of appeal held that the trial court erred in using defendant's 1984 felony conviction as the first predicate offense to enhance defendant's sentence under La. R.S. 15:529.1. The court of appeal reasoned that the application of subsection (C) of that statute, as amended by Act No. 839 of 1995, effective August 15, 1995, to defendant's 1984 felony conviction violated the Ex Post Facto Clauses of the Federal and State Constitutions. Because the court of appeal held that defendant's 1984 felony conviction could not be used as a predicate offense, it ruled defendant could only be adjudged a second felony offender.
The State sought review of the court of appeal's judgment, assigning as error that court's finding that defendant's 1984 conviction could not be used against him in the multiple offender adjudication. This court granted certiorari to consider the proper interpretation and application of La. R.S. 15:529.1 as amended in 1995. State v. Everett, 2000-2998 (La.1/25/02), 806 So.2d 661.

Discussion
The issue presented in this case is whether La. R.S. 15:529.1, as amended in 1995, permits defendant to be adjudicated a third felony offender in the instant case when he could not have been adjudicated a second felony offender under the version of § 529.1(C) in effect at the time he committed the second felony offense. This issue has not previously been addressed by this court.
At the time of the offense that resulted in defendant's most recent conviction in 1999, La. R.S. 15:529.1 provided in part:
A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having *1275 been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
(c) If the fourth or subsequent felony is such that ....
B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime.
C. This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
The State argues defendant's third offender adjudication was proper because the application of La. R.S. 15:529.1(C) as amended in 1995 to enhance defendant's sentence for the offense committed in 1998 does not increase the punishment for an offense after the commission of a crime and is therefore not an ex post facto application of the law. Moreover, the State points out that the language of subsection (B) indicates that even if an offender was not or could not have been charged as a second offender, he can be charged as a third offender as long as the commission of the last felony for which defendant was convicted occurred within ten years of the expiration of the sentence of the previous conviction.
Defendant, on the other hand, contends that the Ex Post Facto Clauses of the Federal and State Constitutions prohibit the application of the ten-year "cleansing period" found in La. R.S. 15:529.1(C) as amended in 1995 to the time period between *1276 defendant's 1984 and 1993 offenses. That is, defendant asserts that because he could never have been punished for the 1993 offense as a second offender, he cannot now be punished as a third offender since such punishment would impermissibly re-characterize the status of the 1993 offense. In support of this position, defendant argues the language of subsection (B) requires that he must have been eligible for a second offender adjudication before he can be adjudged a third offender. Defendant interprets the purpose of subsection (B) as an effort by the legislature to preserve a prosecutor's discretion to charge a defendant as a third offender even though the prosecutor, in a previous prosecution, exercised his discretion not to charge defendant as a second offender. The basic premise of defendant's argument is that once a prior conviction is prohibited from being used to enhance the penalty for a subsequent conviction, i.e., it is "cleansed," it can never be used as a predicate offense.
As an initial matter, we note that in making his argument, defendant refers to the old five-year period and the new ten-year period provided for in La. R.S. 15:529.1(C) as a "cleansing period." A cursory reading of subsection (C) reveals that the statute does not purport to create anything called a "cleansing period." Nevertheless, this term is often used in the jurisprudence as a shorthand way of describing the provisions of subsection (C). The term "cleansing period," however, is a misnomer. The term evokes images of a conviction being wiped off defendant's record, never to be seen again. The term "cleansing period" also calls to mind the phrase "prescriptive period," with all its attendant rights and limitations. Indeed, in defendant's brief, La. R.S. 15:529.1(C) is characterized more than once as a "cleansing or prescriptive period." Such parallelisms are misplaced and lead to misunderstanding of the proper interpretation to be given La. R.S. 15:529.1. As will be explained more fully below, the language of the statute simply does not create for defendant any rights in a particular offender status once La. R.S. 15:529.1(C) applies to make the Habitual Offender Law inapplicable to his case. Because utilization of the phrase "cleansing period" has the potential to unnecessarily complicate our understanding of La. R.S. 15:529.1(C), and was merely a misguided attempt to describe the intricacies of subsection (C) in a shorthand manner, we will refrain from using the term in this analysis and invite other courts and counsel to do the same in the future.
In this case, the court of appeal held that application of the 1995 amendment of La. R.S. 15:529.1(C) to "link" defendant's 1984 and 1993 convictions violated the prohibition against ex post facto laws and therefore the 1984 conviction could not be used to enhance defendant's sentence for the 1998 crime. This holding, however, evinces a misinterpretation of La. R.S. 15:529.1 as a whole. In order to resolve the issue presented, whether, under the current version of La. R.S. 15:529.1, the legislature intended to permit defendant to be adjudicated a third felony offender when he could not have been adjudicated a second felony offender under the version of § 529.1(C) in effect at the time he committed the second felony offense, we must first address the operation of the statute.
The purpose of the Habitual Offender Law is to deter and punish recidivism. State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677. To this end, subsection (A) of the statute sets out enhanced penalties to be imposed on persons who have been convicted of a felony and thereafter commit subsequent felonies. The statute provides the penalties after *1277 identifying the number of felonies committed by stating, for example, "If the second felony is such that ...," and "If the third felony is such that ...."
Subsection (C), however, provides that "[t]his Section," i.e., the Habitual Offender Law, "shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions ... and the time of the commission of the last felony for which he has been convicted." We interpret this subsection to mean that in order to determine whether the Habitual Offender Law applies at all to enhance a defendant's sentence after conviction of a subsequent felony, we must look to that time period between defendant's discharge from being subject to penitentiary confinement for the previous conviction[3] and the commission of the underlying felony. If that time period encompasses more than ten years, then the Habitual Offender Law is inapplicable to defendant's case and he cannot be sentenced as anything other than a first offender. If, on the other hand, ten years or less have elapsed between the defendant's discharge from being subject to penitentiary confinement for the previous conviction and the commission of the underlying felony, then the Habitual Offender Law is applicable and subsection (A) is employed to determine the appropriate sentence. Under subsection (A), defendant's felony convictions are simply counted, either second, third, or fourth or subsequent, and the applicable penalty is imposed. As defendant himself correctly recognizes, subsection (C) is concerned only with that period of time between the expiration of the sentence for the last previous felony conviction and the commission of the last felony. It is only that time period which the legislature has made relevant to determine whether defendant will be sentenced under the Habitual Offender Law.
This construction accords with the view taken by this court in State v. Broussard, 213 La. 338, 34 So.2d 883 (1948), a case dealing with the interpretation of the predecessor to La. R.S. 15:529.1(C), which was the same as the current version except the period of applicability was five years instead of ten. The defendant in Broussard was adjudged a fourth offender and sentenced accordingly. On appeal, he argued that his first felony should not have been used to enhance his sentence because the expiration of his sentence for that felony occurred more than five years prior to the commission of the underlying felony. This court rejected that argument, recognizing the importance of the rule of strict construction applicable to penal statutes, but stating that the rule is not to be applied with such technicality as to defeat the function of all the rules of statutory construction whose purpose is to ascertain the meaning and intent of the statute. The court reasoned:
To interpret [the predecessor of La. R.S. 15:529.1(C)] as defendant would have us do, and thus to hold that his first felony must be excluded from consideration in this prosecution because the sentence therefor expired more than five years prior to the commission of the current felony, is to render the statute practically meaningless and worthless. Under that interpretation he not only could not be punished as a fourth offender, but also he could not be punished either as a third or second offender, even though *1278 less than five years elapsed between the expiration of his sentence for the second conviction and the date of the commission of his fourth felony. This is so for the reason that [the predecessor of La. R.S. 15:529.1(C)] ... provides that, `This statute shall not be applicable in cases where * * *,' which means, of course, that the entire statute is inapplicable; it does not state merely that a felony the sentence for which expired more than five years prior to the commission of the current offense shall be excluded from the operation of the statute. Surely, this situation was not intended by the Legislature.
Id. at 343, 34 So.2d at 884-85 (emphasis added). The court went on to illustrate with hypotheticals why defendant's interpretation produced absurd consequences. The court then further explained its interpretation:
We construe [the predecessor of La. R.S. 15:529.1(C)] to mean that the statute shall not be applicable where a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next previous felony conviction. Under this construction, in the instant case, had the fourth felony of this defendant been committed more than five years after the expiration of the sentence for his third felony, no provision of the statute would be applicable and he could be punished only as a first offender. But there occurred no such intervention of five years with respect to his third and fourth felonies or to any of the other felonies for which this defendant was convicted and sentenced; hence the district court properly adjudged him to be a fourth offender.
Id. at 344-45, 34 So.2d at 885.
Defendant would undoubtedly point to the last sentence quoted and argue that the Broussard court interpreted the predecessor to subsection (C) as requiring that there be less than five years between the expiration of each previous sentence and the next commission of a felony, i.e., that each felony must "link up" to the next within the period prescribed by La. R.S. 15:529.1(C). This argument, however, would not be persuasive in light of the Broussard reasoning as a whole. The Broussard court rejected defendant's argument that the sentence of each of his felonies had to have expired within five years of the commission of the underlying felony because such an interpretation would render the statute "practically meaningless." Id. at 343, 34 So.2d at 884. As quoted above, the court found that defendant's interpretation would mean that once five years intervened between the expiration of a sentence and the commission of the underlying offense, defendant could not be punished as a habitual offender at all because the entire statute would be inapplicable once the provisions of the predecessor to subsection (C) were triggered. Thus, although the Broussard court pointed out in dicta that there was no intervention of five years between any of defendant's four felonies, it did not hold that defendant could not have been adjudged a fourth offender if such an intervention had occurred.
Similarly, one could argue that the second sentence of subsection (C) indicates that the legislature contemplated the existence of more than one ten-year period such that the expiration of one sentence and the commission of the next felony is required to fall within the period of applicability of the statute. The last sentence of La. R.S. 15:529.1(C) provides:
In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or *1279 without the state, shall not be included in the computation of any of said ten-year periods.
This sentence is inconsistent as it refers to the computation of "the period of time" and later refers to the computation of "any of said ten-year periods." In Broussard, this court addressed the myriad of plurals used in what is now the first sentence of subsection (C) as follows:
Our announced construction is in no manner militated against by the use of the plural words `sentences' and `convictions' in [the predecessor of La. R.S. 15:529.1(C)] when it refers to the `* * * expiration of the maximum sentence, or sentences, of the previous conviction, or convictions * * *.' By such use the Legislature undoubtedly had in mind a case relating to the commission of the next preceding felony where the accused had been convicted and sentenced therefor (as a first offender), and commenced serving the sentence, and later had been tried and convicted as a multiple offender (for the same felony and the previous felonies), the court on the latter conviction sentencing him according to [the predecessor of La. R.S. 15:529.1] then vacating such previous sentence and deducting from the new sentence the time actually served under the sentence so vacatedall as provided by [the predecessor of La. R.S. 15:529.1(D) ]. As to a case of that kind it seems correct to say that the five years runs from the `* * * expiration of the maximum * * * sentences, of the previous * * * convictions.'
Id. at 345, 34 So.2d at 885-86. Although the second sentence of subsection (C) is ambiguous, at least for purposes of interpreting the meaning of the first sentence of the subsection, we find it makes the most sense to interpret the phrase "any of said ten-year periods" as referring to either the ten-year period occurring between the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of commission of the last felony or the ten-year period occurring between the expiration of the maximum sentence or sentences of the previous adjudication or adjudications of delinquency and the time of commission of the last felony. This interpretation is consistent with the beginning of the sentence which provides a method of computing "the period of time as provided herein" when defendant was serving time in a penal institution. We recognize the rule of strict construction of penal statutes, but, as we stated in Broussard, we do not apply that rule with "such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute." Id. at 342, 34 So.2d at 884. To interpret the second sentence of subsection (C) as perhaps referring to the applicability of more than one ten-year period in order to interpret the first sentence of that subsection as requiring ten years or less between the expiration of the preceding sentence and the next commission of a felony, when the actual language of that sentence mentions nothing except the last previous felony and the last felony, simply stretches the general rule of strict construction too far. We must endeavor to ascertain the intent of the legislature, and the construction given above is the most logical interpretation when the statute as a whole is considered. Additionally, this construction avoids an interpretation which leads to the absurd results discussed in Broussard.
To properly ascertain whether the Habitual Offender Law applies to defendant's case, we must first determine whether the 1995 amendment to La. R.S. *1280 15:529.1(C) can be used.[4] We find that application of the 1995 amendment of subsection (C) in effect at the time of defendant's 1998 offense and subsequent conviction does not violate the prohibition against ex post facto laws and is not otherwise fundamentally unfair. Accordingly, we conclude the 1995 amendment can properly be applied to the habitual offender proceedings against defendant in 1999.
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the State. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790; State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). For purposes of analyzing the ex post facto implications of the Habitual Offender Law, "the relevant `offense' is the current crime, not the predicate crime." State v. Rolen, 95-0347, p. 3 (La.9/15/95), 662 So.2d 446, 448 (quoting United States. v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir.1994)).
In the instant case, the 1995 amendment did not redefine criminal conduct or increase the punishment after defendant committed the underlying offense, the only relevant crime for purposes of ex post facto analysis. At the time defendant committed the underlying offense on September 5, 1998, he had been placed on notice by the State that the period of applicability of the Habitual Offender Law had changed and that he could no longer rely on the former five-year period of applicability to abate the collateral consequences of his prior convictions for any future violations of the statute. We therefore conclude the 1995 amendment to La. R.S. 15:529.1(C) is applicable to defendant's multiple offender adjudication in 1999.
Provisions of law which prohibit the use of previous convictions to enhance sentences for subsequent crimes after the passage of some legislatively-defined period of time are "self-imposed restraints on the state's plenary power to define and punish crimes. Due process does not require them and several Louisiana repeat offender statutes do not have them." Rolen, 95-0347 at p. 5, 662 So.2d at 449. These legislatively-defined periods can be enlarged or even eliminated without requiring an individual to defend past acts for which he has already been convicted and punished. Id. at p. 5-6, 662 So.2d at 449. The enhanced sentence for a habitual offender convicted of a new felony punishes the second or subsequent offense, not the first. State v. Walker, 416 So.2d 534, 536 (La.1982); State v. Guidry, 169 La. 215, 226, 124 So. 832, 836 (1929). A defendant therefore acquires no "vested right" in any offender status once the legislatively-defined period of inapplicability is triggered *1281 and the legislature may change defendant's status based on his prior record at any time before commission of the underlying offense.
In order to determine whether defendant can be adjudicated a multiple offender under the provisions of La. R.S. 15:529.1, we must first look to subsection (C) of the statute to determine whether the Habitual Offender Law is applicable to his case. Less than ten years elapsed between the expiration of defendant's sentence for the 1993 conviction, the "previous conviction," and his commission of the 1998 crime for which he was convicted in 1999, the "last felony for which he has been convicted." Therefore, the Habitual Offender Law is applicable in defendant's case. To apply that law, we turn to subsection (A), which provides sentences for "the second felony," "the third felony," and "the fourth or subsequent felony." Defendant has been convicted of three felonies, one in 1984, one in 1993, and one in 1998; therefore, the provision applicable to his case is that providing sentences for the third felony, or La. R.S. 15:529.1(A)(1)(b).
The fact that defendant could not have been adjudicated a second offender after his conviction for the 1993 felony does not change this analysis. In 1993, defendant could not be adjudicated a habitual offender and subjected to an enhanced penalty because the version of subsection (C) in effect at that time made the entire Habitual Offender Law inapplicable to defendant's case. Defendant, however, did not acquire any "vested right" in not having the 1984 conviction available to enhance sentences for subsequent felony convictions. The 1984 conviction did not somehow become expunged from defendant's record simply because the Habitual Offender Law was inapplicable in his 1993 case. In State v. Anderson, 349 So.2d 311 (La.1977), this court considered the "functional reason" the legislature included in the Habitual Offender Law a provision making the Law inapplicable after the passage of a certain time period, stating the following:
In the articles published by the Louisiana Law Review to explain the new criminal code and the companion enactments regulating enhanced sentences and paroles, a leading member of the drafting committee stated: "The new (enhanced-sentence) statute is not applicable when a period of more than five years has elapsed between the expiration of the sentence imposed for the last previous felony conviction, and the time of commission of the latest felony. This provision was included in the law because it was felt that if the defendant did not violate the law for a period of five years he was not properly classed as a habitual offender." Wilson, [The Louisiana Criminal Code Making the Punishment Fit the Criminal, 5 La. L.Rev. 53, 61-62 (1942) ].
Id. at 314-15. In 1993, defendant received the benefit of being felony-free for more than five years and he was not adjudicated a multiple offender at that time. However, by the terms of La. R.S. 15:529.1, once defendant committed a subsequent felony less than ten years later, the terms of the Habitual Offender Law applied to him and all his felony convictions could be considered by the trial court in imposing a sentence under that Law.
This interpretation is supported by subsection (B) of the Habitual Offender Law. That subsection provides:
It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to *1282 be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime.
By the plain terms of this subsection, defendant need not have been adjudged a second offender in 1993 in order to be convicted as a third offender in 1999. Defendant asserts this subsection presupposes that he must have been susceptible to being successfully charged as and adjudged a second offender before he can be convicted as a third offender. According to defendant, the purpose of this subsection is to avoid penalizing the prosecutor in the third prosecution for an act of grace in not charging a defendant as a second offender in the second prosecution. Defendant, however, cites no authority for these assertions, and in the absence of any evidence that this was in fact the purpose for this subsection, we will apply the plain language of the statute as written.
Defendant also points to this court's decision in State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on rehearing), to bolster his interpretation of the meaning of subsection (B). In Mims, this court interpreted subsection (B) after a 1982 amendment deleted a second sentence that had previously followed the current version of subsection (B). The deleted sentence had stated:
Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance.
This court held that even after the deletion of this sentence, the sequential requirement for enhanced penalties in the sentencing of multiple offenders survived such that the necessary sequence is "commission of the crime, or crimes, followed by conviction (equals a first offender), then commission of another crime, or crimes, followed by conviction (equals a second offender), and so forth." Mims at 651, n. 4. In reaching this conclusion, the Mims court relied on generally accepted methods of statutory interpretation because the court was unable to locate committee or floor debate materials in order to discern the legislative intent behind the amendment more precisely. In conducting research for the instant opinion, however, the minutes of the house committee meeting in which the amendment was discussed were located. These minutes call into question the court's interpretation of the 1982 amendment. The minutes reflect that the bill was one of a package of bills proposed by the Louisiana District Attorney's Association and dealt with "the determination of habitual offenders and time of commission and conviction of offenses." Minutes of the House Committee on Administration of Criminal Justice, June 9, 1982, p. 2. Moreover, the minutes report that the bill was explained as follows:
[U]nder the old law it was necessary to have a commission of a crime, a conviction, etc., in that order but under the proposed bill certain language would be removed allowing for simpler conviction of multiple offenders.
Id. It therefore appears the bill was intended to expand the application of the Habitual Offender Law. Because we are *1283 not directly presented with the issue of whether subsection (B) should continue to be interpreted as incorporating a sequential requirement for enhanced penalties in the sentencing of multiple offenders, we will not expound further on this question. Suffice it to say that this new information calls into question the underpinnings of the Mims decision.
In light of the new information uncovered which allows the legislative intent underlying the 1982 amendment of La. R.S. 15:529.1(B) to be more precisely ascertained and defendant's failure to support his interpretation of subsection (B) with anything other than assumptions and suppositions that are belied by the plain language of the subsection, we find that subsection (B) supports, rather than calls into question, the interpretation of La. R.S. 15:529.1(C) explained above.

Conclusion
For the foregoing reasons, we find that the trial court did not err in adjudicating defendant a third offender notwithstanding the fact that he could not previously have been adjudicated a second offender. The court of appeal's judgment vacating the defendant's adjudication as a third felony offender and sentence is reversed. The trial court's judgment adjudging defendant a third felony offender and imposing sentence therefor is reinstated.
REVERSED.
CALOGERO, C.J., concurs in the result and assigns reasons.
CALOGERO, Chief Justice, concurs in the result.
I concur in the result reached by the majority opinion, but I disagree with its ultimate reasoning, which has possible farreaching consequences. Instead of applying the ten-year time limit of Rev. Stat. 15:529.1(C), as amended in 1995, to each step of the defendant's multiple offender "ladder" to determine whether the State may link his first conviction in 1984 to his second in 1993, and his second conviction to his third in 1998, to charge the defendant as a third felony offender, the majority chooses to focus solely on the link between the 1998 underlying offense and the most recent prior conviction in 1993, i.e., the link between the second and third steps on the ladder. So long as that last link, between the 1993 conviction and the 1998 conviction, falls within the applicable time period, the majority concludes, then all of the prior convictions, no matter how far back in time they occurred, may be counted to adjudicate the defendant as a multiple offender. Ante, p. 1277. For example, had the defendant's first conviction occurred in 1964, rather than 1984, the defendant would remain, under the majority's approach, a third felony offender, because the ten-year time limit had not elapsed between his second and third convictions, and because his total number of convictions would be three.
I also disagree with the defendant's contention, as well as the court of appeal's holding, that the five-year period applicable in 1993 should remain the applicable time limit to link up the 1984 and 1993 convictions. There is no violation of the ex post facto clause in applying the ten-year period rather than the former five-year period. Because a defendant does not acquire a vested right to a particular offender status upon expiration of the time limit in Rev. Stat. 15:529.1(C), the legislature remained free to substitute a ten-year time limit on the State's ability to link steps on the multiple offender "ladder" for the former five-year time limit at any time before the defendant committed the underlying felony in 1998. See State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446; see also *1284 State v. Forrest, 439 So.2d 404 (La.1983).[1]
The majority's reasoning to the contrary, see Ante, p. 1278, in my view Rev. Stat. 15:529.1(C) is equally capable of being interpreted as requiring that each felony on the multiple offender "ladder" must link up within the time period set forth in Section C in order to charge the defendant as a multiple offender, not simply the underlying offense and the most recent prior conviction. The court in State v. Broussard, 213 La. 338, 34 So.2d 883 (1948), held that the Habitual Offender Law did not require that the sentences for all of the prior felony convictions had to have ended within the five years preceding the underlying offense. The Broussard court clearly noted that all of the prior convictions had been linked up within the five-year time limit. And, as the majority concedes, Rev. Stat. 15:529.1(C) envisions multiple ten-year periods, as provided in that Section:
In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
Because the statute has at least two plausible and reasonable interpretations, I am not comfortable with fashioning a new, pro-state rule, as the majority does today, from a confused area of the law, when the principle of lenity requires us to construe penal statutes strictly in favor of the accused. See State ex rel. Jackson v. Henderson, 283 So.2d 210 (La.1973). Because applying the ten-year time limit of Rev. Stat. 15:529.1(C) to link up the convictions is as equally supported as the approach taken by the majority, the rule of lenity would compel us to construe the statute more favorably to the accused, rather than create this particular pro-state ruling. Accordingly, I would reverse the ruling of the court of appeal, find no violation of the ex post facto clause in applying the ten-year time limit of Rev. Stat. 15:529.1(C) as amended in 1995, and affirm the defendant's adjudication as a third-felony offender.
NOTES
[1] The record contains no evidence of defendant's discharge dates for either of these prior convictions. However, even if we assume he served the entire sentence imposed for the 1984 conviction, five years would have elapsed before he committed the 1993 offense.
[2] In imposing this sentence, the trial court noted defendant had been convicted of at least six felonies and, prior to the one at issue, three of those felony convictions had been for crimes of violence.
[3] In State v. Anderson, 349 So.2d 311, 314 (La.1977), this court interpreted the phrase "expiration of the maximum sentence ... of the previous conviction," to mean "the date of the individual's actual `discharge' from being subject to penitentiary confinement under the earlier conviction relied upon."
[4] The parties and the court of appeal all appear to agree that the ten-year period of applicability found in La. R.S. 15:529.1(C) as amended in 1995 applies to that time between the expiration of defendant's sentence for the 1993 conviction and his commission of the 1998 felony. The defendant argues and court of appeal found only that the ten-year period of applicability should not apply to that time between the expiration of defendant's sentence for the 1984 conviction and his commission of the 1993 offense. As explained earlier, La. R.S. 15:529.1(C) does not contemplate application of any time period between the 1984 and 1993 crimes to determine whether defendant can be adjudged a habitual offender in sentencing for the underlying 1998 offense. However, for the sake of completeness, we will briefly address the issue of whether the 1995 amendment applies in defendant's case.
[1] The majority is correct that the use of the term "cleansing period" is a misnomer in that it may suggest a prescriptive period. See Ante, pp. 1275-76.