h LOVE, J.
This case comes before us on remand from the Supreme Court of Louisiana. In our original opinion, following our decisions in State v. Everett, 99-1963 (La.App. 4 Cir. 9/27/00), 770 So.2d 466 and State v. Lewis, 00-0524 (LaApp. 4 Cir. 3/7/01), 782 So.2d 662, we held that since more than five years elapsed between Abram’s release from prison on March 22, 1985, and his arrest from the next felony on September 26, 1990, using an extended “cleansing period”, which was enacted after the prior offenses to link the prior offenses, would violate the ex post facto clause. This Court vacated the defendant’s adjudication and sentence as a fourth felony offender and remanded to the trial court for resen-tencing as a third felony offender.
The Louisiana Supreme Court granted writs, and remanded to this Court for consideration in light of its recent opinion, State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272.
The facts recited below are adapted from our original opinion:
McKinley L. Abram was convicted of simple burglary on May 7, 1998. He was sentenced as a fourth felony offender under La. R.S. 15:529.1 to life imprisonment without benefit of parole, probation, or suspension of sentence after a hearing on February 9, 1999. He appealed, and in an unpublished opinion, this Court affirmed his conviction and adjudication as a fourth felony offender but vacated his | ^sentence and remanded the case for resentencing. State v. *1051 Abram, 00-0413 (La.App. 4 Cir. 2/28/01), 786 So.2d 984.
At his resentencing on March 27, 2001, even though the defendant’s adjudication as a fourth felony offender was not at issue, the defense attorney, noting that this Court had recently handed down State v. Everett, 99-1863 (La.App. 4 Cir. 9/27/00), 770 So.2d 466, argued that under Everett the defendant should not be sentenced as a fourth felony offender. The judge looked at the record and determined that the ten-year cleansing period was long enough to link the offenses, and he also noted that Everett was on writs to the Supreme Court. The defendant was then sentenced as a fourth felony offender to thirty years at hard labor.
McKinley Abram has four felony convictions: possession of talwin in violation of La. R.S. 40:969 in 1980; burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 in 1981; distribution of a false drug in violation of La. R.S. 40:971.1 in 1991; and the most recent, simple burglary of an auto in violation of La. R.S. 14:62 in 1998. He argued that the five-year cleansing period in effect in 1991 had elapsed between his release from his 1981 imprisonment and his 1991 offense.
The trial court did not accept the defendant’s reasoning that the appropriate cleansing period was that of 1990, the time of the next offense. The court held instead that the proper cleansing period was that existing at the time of the instant multiple bill proceeding, and the period in 2001 was ten years. Because ten years had not elapsed between his 1985 release from prison and his 1990 offense, the defendant could be sentenced as a fourth felony offender.
In State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272, the Supreme Court examined the Habitual Offender Law and interpreted how previous offenses are applied for a multiple bill.
The purpose of the Habitual Offender Law is to deter and punish recidivism. State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677. To this end, subsection (A) of the statute sets out enhanced penalties to be imposed on persons who have been convicted of a felony and thereafter commit subsequent felonies. The statute provides the penalties after identifying the number of felonies committed by stating, for example, “If the second felony is such that...” and “If the third felony is such that....”
Subsection (C), however, provides that “[tjhis Section,” i.e., the Habitual Offender Law, “shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions.... and the time of the commission of the last felony for which he has been convicted.” We interpret this section to mean that in order to determine whether the Habitual Offender Law applies at all to 1 ^enhance a defendant’s sentence after conviction of a subsequent felony, we must look to that time period between defendant’s discharge from being subject to penitentiary confinement for the previous conviction and the commission of the underlying felony. If that time period encompasses more than ten years, then the Habitual Offender Law is inapplicable to defendant’s case and he cannot be sentenced as anything other than a first offender. If, on the other hand, ten years or less have elapsed between the defendant’s discharge from being subject to penitentiary confinement for the previous conviction and the commission of the underlying felony, then the Habitual Offender Law is applicable and sub *1052 section (A) is employed to determine the appropriate sentence. Under subsection (A), defendant’s felony convictions are simply counted, either second, third, or fourth or subsequent, and the applicable penalty is imposed .... [S]ubsection (C) is concerned only with that period of time between the expiration of the sentence for the last previous felony conviction and the commission of the last felony. It is only that time period which the legislature has made relevant to determine whether defendant will be sentenced under the Habitual Offender Law.
(Emphasis Added).
Everett, 00-2998, pp. 7-8, 816 So.2d at 1276-1277.
Applying this interpretation of the Habitual Offender Law to the instant case we find that Abram is subject to.sentencing as a fourth felony offender. The fact that more than five years[1] had elapsed between Abram’s release from his 1981 conviction for burglary, on March 22, 1985, and his 1991 conviction for distribution of a false drug, is irrelevant. The relevant time period to consider, when sentencing under a multiple bill, is between the instant offense and the one immediately preceding it. In this case, the applicable “cleansing period” under the 1995 amendment to La. R.S. 15:529.1 which is ten years, had not elapsed between Abram’s previous conviction in 1991 for and the instant 1998 conviction for simple burglary. Since it is now established that Abram qualifies to be sentenced as a habitual offender under the statute, all of his previous offenses are counted, without regard to the time periods between them.
j4In light of our finding that Abram must be sentenced as a fourth felony offender, and the fact that the trial court has previously sentenced the defendant as a fourth felony offender to thirty years in this case, bearing docket number 2001-K-1513 on the docket of this Court, we reinstate defendant’s sentence.
SENTENCE REINSTATED.

. Under La. R.S. 15:529.1, five years was the "cleansing period” in effect at the time of Abram's 1991 conviction.