[! CANNIZZARO, J.,
concurs in the result and assigns reasons.
I concur in the result reached by the majority, but I disagree with their ultimate reasoning regarding that part of the second assignment of error which relates to the proper sequencing of prior felony convictions.
The majority relies on the Supreme Court’s decision in State v. Everett, 2000-2998 (La.5/14/02), 816 So.2d 1272, to conclude that the retroactive application of the 1994 amendment to La. R.S. 40:983(B) is not an ex post facto violation of the law because the amendment did not redefine criminal conduct or increase the penalty for the crime. Thus, the date the defendant entered his plea pursuant to La. R.S. 40:983, January 19, 1993, is to be considered the date of his first conviction for sequencing purposes to adjudicate the defendant a third felony offender.
The issue considered by the Supreme Court in Everett was whether the Habitual Offender Law, La. R.S. 15:529.1, as amended in 1995, permitted a defendant to be adjudicated a third felony offender when he could not have been adjudicated a second felony offender under the version of La. R.S. 15:529.1(C) in effect at the time he committed his second felony offense. In that case, Mr. Everett was convicted of a felony in 1984 and sentenced to three years. In 1993, he was convicted of another felony and was placed on probation for eighteen months. Although it was his second felony conviction, he could not have been adjudicated a 1 ¡¡second felony offender because at that time La. R.S. 15:529.1(0 provided that if more than five years had elapsed since the expiration of the sentence for the previous conviction and the time of the commission of the latest felony for which he had been convicted, then the *208 Habitual Offender Law did not apply. The Louisiana Legislature later amended the relevant time period provided in subsection (C) from five years to seven years in 1994 and then to ten years in 1995. Subsequently, Mr. Everett was charged with and convicted of another felony in 1998. The State then filed a multiple bill and alleged Mr. Everett was a third felony offender, citing his 1984 and 1993 felony convictions. Mr. Everett challenged his adjudication as a third felony offender, arguing that he could not be adjudicated a third offender because he had never been adjudicated a second felony offender in 1993 and that the Ex Post Facto Clauses of the Federal and State Constitutions prohibited the application of the ten-year period of La. R.S. 15:529.1(C) as amended in 1995 to the time period between his 1984 and 1993 offenses.
The Supreme Court disagreed finding that there was no violation of the ex post facto clause in applying the ten-year period rather than the former five-year period. The Court noted that Mr. Everett did not acquire any “vested right” to a particular offender status upon expiration of the time limit in La. R.S. 15:529.1(0 and that his 1984 conviction was not expunged simply because the Habitual Offender Law was not applicable to his case in 1993.
The issue and facts presented in Everett are clearly distinguishable from those of the instant case. Thus, I submit the majority’s reliance on Everett is misplaced. Whether the application of the 1994 amendment to La. R.S. 40:983(B) constitutes an ex post facto violation of the law is not the dispositive issue in this case. Also, whether the defendant’s adjudication of guilt for possession of cocaine |aoccurred on January 19, 1993 or March 21, 1995 for purposes of sentencing him as a third offender under the Habitual Offender Law is irrelevant.
Sequencing (arrest, conviction, arrest, conviction) is relevant and necessary to adjudicate a defendant a second offender. That is, a defendant must previously have been convicted of a felony in order to be adjudicated a second felony offender under La. R.S. 15:529.1. As the Louisiana Supreme Court aptly stated in State ex rel. Mims v. Butler, 601 So.2d 649 (1992), “[t]he cornerstone of [the sequencing] scheme is that felons graduate to second offender status, not by committing multiple crimes, but by committing a crime or crimes after having been convicted.” Id., 601 So.2d at 650. The Habitual Offender statute, however, does not require a defendant to have been adjudicated a second offender in a previous prosecution before he can be adjudicated a third offender. See La. R.S. 15:529.1(B). Rather, pursuant to La. R.S. 15:529.1(C), if ten years or less have elapsed between the defendant’s discharge from being subject to penitentiary confinement for the previous conviction and the commission of the underlying felony, then the Habitual Offender Law is applicable and subsection (A) is used to determine the appropriate sentence, depending on the defendant’s total number of felony convictions.
In this case, less than ten years have elapsed between the defendant’s previous conviction on March 14, 1995 for possession of cocaine with the intent to distribute and the commission of the aggravated burglary charge on March 28, 2002. Therefore, pursuant to subsection (A) of the Habitual Offender Law, the trial court correctly counted the defendant’s felony convictions: (1) possession of cocaine (March 21,1995), (2) possession of cocaine with the intent to distribute (March 14, 1995), and (3) aggravated burglary (November 21, 2002), and sentenced him as a third offender. The overlapping of the arrest and convictions with regard to the first and *209 second felony offenses in this case is irrelevant so long |4as those two offenses did not arise out of a single criminal episode or series of criminal episodes and were then brought to trial for a single disposition (which was the situation in Mims). If that were the case, then the successful prosecution of the two offenses in a single disposition would have constituted only one conviction for enhancement purposes. But that does not exist here.
The defendant’s second assignment of error is without merit.