GRIFFIN, J.
John M. Zambos, M.D. [“Dr. Zambos”], appeals a final judgment rendered in favor of the plaintiffs below, Bernhard M. Meier and his wife, Gloria P. Meier [“the Mei-ers”], in a suit for medical negligence.[1] We conclude the trial court did not reversibly err in giving the challenged jury instruction and, accordingly, we affirm.
Dr. Zambos has filed as supplemental authority the decision of the Florida supreme court in D’Angelo v. Fitzmaurice, 863 So.2d 311, 319 (Fla.2003), seeking entitlement to the benefit of the new rule set forth in that opinion that:
[I]t is appropriate to set off against the economic damages portion of an award against one tortfeasor in a medical malpractice action the economic damages portion of any settlement recovered from a settling tortfeasor for the same incident causing the injury where the *6 settling tortfeasor was not included on the verdict form.
We agree with Dr. Zambos that this is a “pipeline case” and that he is entitled to the benefit of this decision. See D'Aquisto v. Costco Wholesale Corp., 816 So.2d 1281 (Fla. 5th DCA 2002). We reject the Mei-ers’ contention that the setoff is inapplicable to this case because it had not been requested below by Dr. Zambos.
According to the formula set forth in footnote 12 of the D’Angelo opinion,[2] the calculation urged by the Meiers appears to be substantially correct:
1. Percentage of jury’s award allocated to economic damages = $53,674.47 ($44,474.48 past + $9,000 future)/ $453,674.48 (total damages) = .118
2. Portion of settlement that nonset-tling defendant is entitled to set off = $75,000 x .118 = $8,850.
Accordingly, we remand this case to the trial court for application of the setoff and amendment to the final judgment.
AFFIRMED and REMANDED.
PLEUS, J., and EDWARDS-STEPHENS, S., Associate Judge, concur.

. Also appealed is a final cost judgment.

. 863 So.2d at 318.