ON REHEARING
BROWN, Chief Judge,
On Rehearing.
11 Rehearing was granted to reconsider the error patent portion of the opinion. Initially, this court determined that defendant’s release dates from supervision for two of the predicate convictions were not shown. Thus, his adjudication as a fourth felony offender was vacated. The state applied for a rehearing. After further review, we now affirm defendant’s adjudication as a fourth and subsequent felony offender and corresponding enhanced sentences.
As to the two predicate charges at issue, the record clearly demonstrates that the ten-year time period between discharge and the instant offense had not run at the time of the commission of the present crimes, October 15, 2005. At the time of the first charge of distribution of cocaine (docket # 54,806), which was filed in 1991, defendant was out on bond. According to the minutes, defendant had pled guilty to a reduced charge of attempted distribution in April 1991 and a bench warrant was issued in November 1991. Defendant was arrested on the bench warrant in August 1993.
The second charge of distribution of cocaine (docket # 56,934) was filed on October 25, 1993, and defendant pled guilty that day. On the same day (October 25, 1993), defendant was sentenced in # 54,806 and # 56,934 to concurrent six years at hard labor terms.
Renee Armond, a state probation and parole officer for the Minden district, testified that she supervised defendant’s parole in docket # 54,806 and docket # 56,934 from the end of 1996 through 1998. As stated, in each of those docket numbers, defendant had received six-year concurrent |2sentences which were imposed in October of 1993 (his arrest was in August of 1993). The present crimes were committed in October of 2005. This record shows that defendant was under parole supervision at least through 1998. The ten-year time period starts on the date of discharge and runs until the date of com *1131 mission of the present crimes. That was less than ten years.[1]

Conclusion

The adjudication as a fourth and subsequent felony offender of defendant, Ta-róme Antonio Harris, and his corresponding enhanced sentences, are affirmed.
AFFIRMED.
PEATROSS, J., dissents for the reasons set forth in the original opinion.
WILLIAMS, J., dissents for the reasons set forth in the original opinion.

. The characterization of the ten-year time period as a “cleansing period” is misplaced and improper. See State v. Everett, 00-2998 (La.05/14/02), 816 So.2d 1272.